## UNITED STATES v. HAMBLETON et ux.
### No. 12513.

United States Court of Appeals
Ninth Circuit.
Nov. 28, 1950.

J. Charles Dennis, U. S. Atty., Vaughn Evans Asst., U. S. Atty., Seattle, Wash., for appellant.

Stanley C. Soderland, George R. West, Seattle, Wash., for appellees.

Before HEALY, BONE and POPE, Circuit Judges.

POPE, Circuit Judge.

This is an appeal from a judgment rendered against the United States in an action brought under the Tort Claims Act, 60 Stat. 842–847, now Title 28 U.S.C.A. §§ 1346(b) and 2680.

One Anderson, a sergeant, assigned to the Army's Criminal Investigation Division, interviewed the plaintiff, Harriet Elizabeth Hambleton, in the course of an investigation he was making in the line of his duties. The court found, with respect to Anderson's conduct on that occasion: "On or about January 20, 1948, said William Anderson called at the home of plaintiffs at 8312-35th Avenue S. W., Seattle, Washington, while plaintiff O. E. Hambleton was absent therefrom and contacted plaintiff Harriet Elizabeth Hambleton in

the course of an official investigation. Said William Anderson interrogated plaintiff Harriet Elizabeth Hambleton for a period of approximately three and one-half hours and in doing so failed to use reasonably prudent methods and due care in conducting said interrogation. He grilled her excessively and for an unreasonable length of time, subjecting her to repetitive questions and statements on delicately personal subjects not directly connected with the investigation he was conducting and generally used emotionally distressing methods which were likely to injure her body or mind or endanger her health."

Within a week after this incident Mrs. Hambleton was found in a psychotic condition, characterized by loss of memory and persecutory delusions. She was sent to a sanitarium for treatment. After about a month there, her sanity was restored. The court found that this temporary insanity, and the necessary shock treatments therefor, were the "direct and proximate result of the above-mentioned unlawful conduct" on the part of Sergeant Anderson. Judgment for $5,000, general damages, and $552.52, special damages, was entered against the United States.

Specifications made by appellant present for our consideration the contentions (1) that under the law of the State of Washington, where the acts in question occurred, no tort was committed, and (2) that even if there was a cause of action under local law, it was of a character expressly excluded from the Tort Claims Act.

It must be observed that the conduct adjudged tortious, involved acts which did not involve either physical violence, or trespass upon plaintiff's person or property. The evidence disclosed, without conflict, that Anderson obtained Mrs. Hambleton's permission to interview her; she never felt herself under any threat of force or violence and no such threats were made; Mrs. Hambleton did not object to answering the questions asked; and Anderson was not asked to leave the premises.

Thus it appears that the most that can be said of Anderson's conduct is that it was such as to cause mental suffering or emotional distress. Appellant asserts that the Washington cases hold that there can be no recovery in such cases, where the acts complained of do not invade or threaten the plaintiff's personal security.

■ The Washington Supreme Court has had frequent occasion to deal with the question of recovery in such cases. We think that a fair summary of the holdings in such cases is as follows: (1) Where plaintiff suffers mental or emotional distress which is caused by some *negligent* act of the defendant, there is no right of action, even although the mental condition in turn causes some physical injury, Stiles v. Pantages Theatre Co., 152 Wash. 626, 279 P. 112, 114;[1] Corcoran v. Postal Telegraph-Cable Co., 80 Wash. 570, 142 P. 29, 30, L.R.A.1915B, 552;[2] Barnes v. Bickle, 111 Wash. 133, 189 P. 998, 999;[3] Kneass v. Cremation Society of Washington, 103 Wash. 521, 175 P. 172, 173, 10 A.L.R. 442;[4] unless the act causing the mental fright or emotional distress also threatens an immediate physical invasion of plaintiff's personal security, that is, threatens immediate bodily harm. O'Meara v. Russell, 90 Wash 557, 156 P. 550, L.R.A.1916E,

[1] "It seems clear to us, in the light of our prior holdings, that mere mental suffering resulting from the act of another which is not willful, in the sense of being malicious, such act being unaccompanied by physical injury caused at the same time, is not ground for recovery of damages."

[2] "That mental suffering, independent of physical injury, does not, at common law, render a person, who merely negligently causes such suffering, answerable in damages therefor is settled by the decisions of the great majority of the states of the union and by an unbroken line of decisions of the federal courts * * *."

[3] "* * * there could be no recovery for mental and physical distress where there was no invasion of the person or property of the plaintiff."

[4] "* * * no damages could be recovered for mental suffering flowing from an act of negligence where there was no physical injury to the plaintiff * * *."

743;[5] Frazee v. Western Dairy Products, 182 Wash. 578, 47 P.2d 1037.[6] (2) But where mental suffering or emotional distress is caused by a *wilful* act, recovery is permitted. This rule was stated in Gadbury v. Bleitz, 133 Wash. 134, 233 P. 299, 44 A.L.R. 425, as follows: "The decision [that there was not sufficient evidence to take the case to the jury] was based upon the ground that damages are not recoverable for mental suffering unaccompanied by physical violence, occasioned by the negligence of another. That this is the rule in this state cannot be doubted. * * * However, we have adopted the rule that if such suffering is the direct result of a willful wrong as distinguished from one that is merely negligent, then there may be a recovery." In accord is Wright v. Beardsley, 46 Wash. 16, 89 P. 172; and this distinction between negligence and wilful wrong is noted in the Stiles and Kneass cases, supra.

It thus appears that if the acts of Sergeant Anderson were done wilfully and intentionally, and not merely negligently, the alleged wrong would satisfy that requirement of the Tort Claims Act which, at the time in question, provided that such act must be committed "under circumstances where the United States, if a private person, would be liable to the claimant for such damage, loss, injury, or death in accordance with the law of the place where the act or omission occurred."[7]

The Tort Claims Act also provided that it did not apply to "Any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights." Act of Aug. 2, 1946, § 421(h), now Title 28 U.S.C.A. § 2680(h). Thus most intentional torts are excepted from the Act.

When the common law relating to assault was in a more or less static condition, the decisions made it clear that what transpired here would not constitute an assault. "Mere words do not constitute an assault unless accompanied by an offer of physical violence." Cooley on Torts, 4th Ed., § 95. But in truth, such "mere words" did not then constitute an actionable wrong. The decisions, which like the Washington cases here cited, hold that there may be liability for intentionally causing emotional distress, represent a comparatively recent growth in the law. The question is, whether this new development is in substance, and in reality, an extension of the law of assault, so that it may now be said that "mere words" may constitute an assault if uttered with the wilful and intentional purpose of causing mental suffering and emotional distress.

It is of interest that the distinguished members of the American Law Institute's Committee on Torts have dealt with this problem of liability for intentionally causing severe emotional distress in the chapter of the Restatement entitled "Assault and Battery". The changes in the Restatement of the Law of Torts reflect the new attitudes of the courts upon this matter, such as that found in the Washington cases cited here. Thus in the original Restatement the absence of liability stated to exist in such cases is explained in the comment under § 46 as follows: "Conduct, either of act or omission, which is intended or likely to cause only mental or emotional distress is not tortious. Therefore, it cannot subject the actor to liability no matter what its consequences."

But in 1948 § 46 was revamped to read: "One who, without a privilege to do so, intentionally causes severe emotional distress to another is liable (a) for such emotional distress, and (b) for bodily harm resulting from it."

An excellent exposition of the present state of the law is there given under the

---

**5.** Plaintiff was frightened by a stump blown against her house where it struck near her head, and she was injured while trying to escape.

**6.** Plaintiff was frightened by a runaway truck which ran down hill and into plaintiff's yard where one of her children was at play. Although no one was struck plaintiff suffered a miscarriage as a result of fright.

**7.** Act of Aug. 2, 1946, § 410(a), 60 Stat. 842–847. The same provision is found in Title 28 U.S.C.A. § 1346(b).

heading "Reason for Change" as follows: "This is a part of the law of torts in which real developments have occurred in recent years and this development is continuing. The cases which have appeared since 1934 establish that the interest in freedom from severe emotional distress is protected against intentional invasion. Among the more recent cases are: (cases cited). The cases are fully reviewed in the recent literature which contains extensive citations of authorities. (Listing law reviews and articles, concluding with 30 Virginia Law Review 194.) The latter article by Dr. Hubert Winston Smith, L.L.B., M.D., is an exhaustive discussion of the cases from both a medical and a legal point of view, and he states at page 229: 'Assume there is no impact or injury inflicted from without, but A *wilfully* or *maliciously* causes B to suffer mental anguish. Courts are agreed that B may recover damages for this intentional tort even though it causes him no physical injury or disability, but only an oppressive and undesirable disturbance of mental tranquillity.' The change in Section 46 is necessary in order to give an accurate Restatement of the present American law. There is a definite trend today in the United States to give an increasing amount of protection to the interest in freedom from emotional distress."

We think that Congress intended to use the word "assault" in this excepting section with what we must assume was its understanding of the scope of these recent cases recognizing a liability for intentional wrong causing severe emotional distress. We think this type of case must have been comprehended as falling within the meaning of the word "assault". Such cases are, logically and in reason, but a new type of assault.

The fact that most other types of intentional torts are listed in the same excepting provision is persuasive that Congress must have intended to include this type of wrong in the same group of excepted torts. The absurdity of any other view would be manifest, if we were to hold that if when he used his frightening words Anderson had pointed a pistol at the plaintiff, then the United States would not be liable, but that if he had displayed no pistol, the United States could be held.

In its finding the court did not distinctly characterize Anderson's acts as either wilful, or negligent. We think such omission unimportant, for, as we have seen, if the acts were merely negligent, the Washington law gives no remedy, while if they were wilful, the acts constituted an assault within the meaning of the excepting clause of the Tort Claims Act.

The Government also contends that recovery is prohibited under § 421(a) of the Act, now 2680(a) of Title 28, prohibiting recovery "based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty * * * whether or not the discretion involved be abused".[8] What we have here said makes it unnecessary to consider this further contention.

The judgment is reversed, with directions to enter judgment for the United States.

8. For a recent case applying this section see Coates v. United States, 8 Cir., 181 F.2d 816.