**Erlinda CASTRO, et al., Plaintiffs,**

**v.**

**UNITED STATES, et al., Defendants.**

**No. C90–1436M.**

United States District Court, W.D. Washington, at Seattle.

Feb. 8, 1991.

Mary Ruth Mann, Seattle, Wash., for plaintiffs.

Robert Maxwell Taylor, U.S. Atty.'s Office, Seattle, Wash., for defendants.

### ORDER

McGOVERN, District Judge.

### INTRODUCTION

This is an action brought under the Federal Tort Claims Act (FTCA) asserting claims arising out of an incident on January 7, 1990 during the course of Erlinda Castro's employment with the United States Postal Service at the General Mail

Facility at Seattle, Washington. The additional plaintiffs are Erlinda Castro's husband and children, whose claims are derivative.

Following the incident, Plaintiff filed a discrimination complaint which was settled, and a workers' compensation claim with the Department of Labor that was approved and which continues to provide her with compensation at this time. She then filed an administration claim under the provisions of the FTCA, which claim was denied on April 18, 1990. This action followed on October 15, 1990.

Plaintiff (a Philippine national who remains on immigrant status and who reportedly has some problems communicating in English) works on an as-needed basis for the U.S. Postal Service (usually, 6 p.m. to 11 p.m.). On the evening of January 6, 1989, she was struck on the head with a bundle of letters, was taken to a local hospital for examination where she was kept overnight. The hospital then released her the morning of January 7 for return to work that evening.

Plaintiff contends that she informed her supervisor that she could not make it to work that evening as she still felt dizzy and weak, but the Postal Service sent someone to pick her up anyway. She was then taken to a supervisor's office and not allowed to leave. She claims to have been verbally threatened and physically prevented from leaving until the end of her shift or until she signed a waiver of rights to an on-the-job injury claim and participated in an interview/investigation and gave a statement.

Plaintiff filed Title VII and Federal Employees' Compensation Act (FECA) claims that resulted in her receiving (1) an extra four hours pay as administrative leave for January 7, 1989, (2) pay for an additional 3½ hours of work on January 7, 1989, (3) agreement that the termination letter and all references to the assault on her supervisor would be removed from her personnel records, and (4) as to her claim for "traumatic assault by supervisors and post-traumatic conditions" for the events of January 7, she has received $10,638.46 in compensa-tion that continues at the rate of $482 each 28 days; $5,146.42 in medical expenses; and $720 for 135 hours of pay continuation and 90 hours of night differential premium; additionally, she has received vocational training that was expected to lead to her placement in a new position in January 1991.

Defendants now move to dismiss for failure to state a claim on which relief can be granted, lack of subject matter jurisdiction, or, alternatively, for summary judgment.

Plaintiffs have no objection to dismissing the United States Postal Service from this action as the United States is the only proper defendant in a lawsuit filed pursuant to the FTCA.

Plaintiffs also agree that the claim in ¶ 6(c) of their complaint alleging "emotional assault and battery by Postal officials" may be dismissed. This leaves two remaining claims of intentional infliction of emotional distress and unlawful imprisonment.

## ISSUES

A. Intentional infliction of emotional distress and unlawful imprisonment have been compensated under the exclusive provisions of FECA.

■ Defendants argue that these claims are precluded by the Federal Employees' Compensation Act (FECA), which provides that the benefits under that Act are exclusive and that a claim for injury or illness arising out of Federal employment may not be asserted on any other basis. 5 U.S.C. § 8116(c). Claims asserted on any other basis are barred whether they are sought by the employee, his legal representative, spouse, dependents, next of kin, and any other person otherwise entitled to recover damages from the United States.... *Id.*

Plaintiffs argue that as FECA compensates employees only for physical harm, citing *Sheehan v. United States*, 896 F.2d 1168 (9th Cir.1990), Plaintiffs should be allowed to pursue their claims under the Federal Tort Claims Act.

There is not actually a sharp distinction between physical and emotional harm for the purposes of determining FECA cover-

age, at least not in the view of the decisions from the Department of Labor. Decisions of the Employees Compensation Appeals Board, which hears decisions of the Department of Labor's Office of Workers' Compensation Programs, allow compensation for emotional injuries under certain circumstances. The *Matter of Lillian Cutler and Department of Labor,* 28 ECAB 125 (1976), provides a discussion of the circumstances under which emotional distress is and is not covered by FECA. In summary, the Board reasons:

> Where the disability results from his emotional reaction to his regular or specially assigned work duties or to a requirement imposed by the employment, the disability comes within the coverage of the Act. On the other hand, the disability is not covered where it results from such factors as an employee's fear of a reduction in force or his frustration from not being permitted to work in a particular environment or to hold a particular position.

*Id.* at 131. Other recent cases from the Employees Compensation Appeals Board accord with *Lillian Cutler. See generally, e.g.,* cases cited at 39 ECAB 23–25.

*Sheehan,* cited by Plaintiffs, is not strictly on point because it did not concern a final decision of the Secretary allowing or denying a payment (for which there is no judicial review, 5 U.S.C. § 8128(b)) but concerned a district court decision referring a matter to the Secretary, a matter which the Ninth Circuit stated was reviewable de novo.

In the case at bar, there has been a decision by the Secretary pursuant to a claim brought under FECA. Plaintiff Castro submitted a FECA claim for "traumatic assault by supervisors and post-traumatic conditions" as a consequence of events occurring on January 7, 1989, and that claim was approved by the Department of Labor on June 8, 1989 for "Post Traumatic Stress Disorder." Defendants contend that there was no assertion of physical harm, but only emotional injuries/illness. Plaintiffs cited no evidence that the FECA compensation was for physical harm only and did not include compensation for emotional distress resulting from the events of that evening.

Accordingly, having received compensation for her injuries under FECA, Plaintiff Castro and her family are barred from receiving further compensation for these injuries on any other basis. Plaintiff's claim for intentional infliction of emotional distress and unlawful or false imprisonment is dismissed.

B. The unlawful imprisonment claim under the Federal Tort Claims Act is appropriate for summary judgment and, as to noninvestigative personnel, dismissal.

■ There is an additional basis for granting Defendants' motion with respect to the false imprisonment claim. Claims arising out of assault, battery, and false imprisonment are excluded from coverage under the FTCA unless committed by an investigative or law enforcement officer of the United States. 28 U.S.C. § 2680. The Declaration of Postal Inspector John Buck reveals that he was called at home on January 7, 1989 concerning Erlinda Castro's assault on a supervisor. He went to the postal facility to gather information. He questioned Castro about the incident from 10 p.m. until 11 p.m., a difficult process owing to Castro's excited state and language difficulties. He states that he did not request anyone to restrain Castro or to confine or compel her to do anything. The Defendants have attempted to demonstrate that the actions of the postal inspector were reasonable and, thus, fail to constitute an action for false imprisonment. Plaintiffs have submitted nothing to rebut the defense of reasonableness under the circumstances. Plaintiffs have, therefore, not carried their burden in resisting summary judgment on this claim.

■ Insofar as the claim is directed at noninvestigative postal department personnel, coverage is excluded pursuant to the FTCA at 28 U.S.C. § 2680.

C. Additional materials filed.

On the seventh day after the United States filed its reply to Plaintiffs' response

**1152**

(*i.e.*, from January 18 to January 25), Plaintiffs filed a "Supplemental Memorandum" responding to the Government's reply and an affidavit of Erlinda Castro. No such response is provided for under Local Rule CR7, and no permission was sought to file such a document. Plaintiffs argue therein that the false imprisonment claim is bolstered by Inspector Buck's declaration and continue to rely on *Sheehan* for the proposition that FECA does not compensate for emotional injuries or illness. Plaintiffs have not requested oral argument.

Even considering these extra materials, since the Court has granted the Government's motion on the primary basis of preclusion by the FECA compensation, then the fact that one aspect of Plaintiffs' claims may create a question of fact is futile concerning survival of the cause of action.

## CONCLUSION

In summary, it is hereby ordered: (1) that this cause of action is dismissed for lack of subject matter jurisdiction concerning the damages sought for intentional infliction of emotional distress and false imprisonment; and, as additional bases for dismissing this cause of action, (2) that the claims against nonpostal inspector/investigative personnel for false imprisonment are dismissed for failure to state a claim upon which relief can be granted, and (3) that summary judgment is granted as to the claim against Postal Inspector John Buck.

The Clerk of the Court shall enter judgment of dismissal for lack of subject matter jurisdiction.