988 F.2d 121
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michael ONGARO, and Sally Ongaro, Husband and Wife, Plaintiffs,
v.
R.E.B.L. DEVELOPMENT, INC., a Washington corporation, Defendant,
VILLA PARK LIMITED, a sole proprietorship, Defendant,
v.
VILLA PARK LIMITED, an Australian corporation, et al.
Third-party-plaintiff-Appellant,
v.
UNITED STATES of America Third-party-defendant-Appellee.
 No. 91-35194.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 1, 1993.*
Decided Feb. 17, 1993.
 
 Appeal from the United States District Court for the Western District of Washington; No. CV-90-1628-TSZ, Thomas S. Zilly, District Judge, Presiding.
 W.D.Wash.
 AFFIRMED.
 Before TANG, KOZINSKI and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Villa Park Limited ("Villa"), appeals the district court's dismissal of its third-party tort claim against the United States. Villa contends that the district court mischaracterized its claim and should not have dismissed under section 2680(h) of the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-80. We affirm.
 
 
 3
 This appeal is an offshoot from an action to foreclose on two parcels of property ("Property"). Michael and Sally Ongaro sold the Property to defendant R.E.B.L. Development, Inc. ("REBL") and held a promissory note executed by REBL for $200,000. When REBL failed to make its payments, the Ongaros brought a foreclosure action in Washington state court. Villa answered the Ongaros' complaint and filed a third-party claim against the United States. In its third party complaint, Villa alleged:
 
 
 4
 That the United States of America did illegally and with malice "TORTIOUSLY INTERFERE" ... with the business relationship that existed between the Third Party Plaintiff and the Original Plaintiffs, by spreading lies and inuendo [sic] designed to cause a breach of contract and loss to the Third Party Plaintiff....
 
 
 5
 The United States removed the action to the district court and subsequently moved to dismiss for lack of subject matter jurisdiction. On January 3, 1991, the district court dismissed Villa's third-party complaint for lack of jurisdiction and on January 8, 1991, remanded the remaining state law claims to Washington state court. The district court based its dismissal on the ground that Villa's claim against the government was for tortious interference with a business relationship, which is explicitly excepted from the FTCA under section 2680(h). Villa contends that the district court mischaracterized its federal tort claim against the United States.
 
 
 6
 The FTCA waives the sovereign immunity of the United States from suit for injuries caused by government employees. 28 U.S.C. § 1346(b); 28 U.S.C. § 2674. Nevertheless, the United States retains its immunity from suit for certain enumerated intentional torts, and there is no jurisdiction to hear cases based upon those torts. 28 U.S.C. § 2680(h). Specifically, a plaintiff may not bring an FTCA action for "[a]ny claim arising out of ... libel, slander, misrepresentation, deceit, or interference with contract rights." Id.
 
 
 7
 In determining whether a claim is one "arising out of" any of the enumerated torts, we focus "on the conduct upon which plaintiff's claim is based." Sheehan v. United States, 896 F.2d 1168, 1171 (9th Cir.), amended, 917 F.2d 424 (1990). See Mt. Homes, Inc., v. United States, 912 F.2d 352, 356 (9th Cir.1990) (this court looks beyond plaintiff's characterization to the conduct on which claim is based). If the conduct upon which the plaintiff rests his claim constitutes one of the enumerated torts, as it is traditionally defined, the claim is barred by section 2680(h). Sheehan, 896 F.2d at 1171; Thomas-Lazear v. F.B.I., 851 F.2d 1202, 1207 (9th Cir.1988) (rejecting claim for negligent infliction of emotional distress that was actually based on conduct constituting slander).
 
 
 8
 Here, Villa entitled its complaint, "Tortious Interference with a Business Relationship." Later, in opposition to the government's motion to dismiss, Villa recharacterized its claim as one for "false light invasion," not tortious interference with contract. The district court considered Villa's arguments and concluded that, despite its attempts to recharacterize the claim, Villa "stated a cause of action under Washington law for tortious interference with a contractual relation or business expectancy." As such, section 2680(h) barred the claim and the district court dismissed the complaint.
 
 
 9
 It is conceivable that in some circumstance a false light invasion of privacy claim is not per se excluded from the FTCA. See Kugel v. United States, 947 F.2d 1504, 1508 (D.C.Cir.1991). That possibility does not help Villa.
 
 
 10
 First, we do not accept attempted recharacterizations at face value. See Thomas-Lazear, 851 F.2d at 1206 (court rejects plaintiff's attempt to recharacterize slander claim as one for negligent infliction of emotional distress). The district court did not err by deciding that Villa's attempt was otiose.
 
 
 11
 Second, under the FTCA, the alleged tort must create liability under the law of the state where the alleged acts occurred. 28 U.S.C. § 1346(b). Washington has not recognized the tort of false light invasion of privacy, Hoppe v. Hearst Corp., 770 P.2d 203, 208 n. 5 (Wash.Ct.App.1989).[1]
 
 
 12
 Third, even if Washington recognized the tort, to establish a common law false light claim, Villa must show that the government knew of or recklessly disregarded the falsity of the publication and the false light in which the other would be placed. Restatement (Second) of Torts § 652E (1977). Here, the government initiated a civil forfeiture action under 21 U.S.C. § 881(a)(6) against property believed to have been purchased with laundered drug money. Villa did not present any facts suggesting that the government acted with reckless disregard for the falsity of a publication. Of course, Villa would fare no better by calling its claim libel or slander.
 
 
 13
 Finally, Villa's claim was based on the government's forfeiture action against the Property. The claim arose "in respect of ... the detention of any goods or merchandise by ... any other law-enforcement officer." That is expressly excepted from the FTCA. 28 U.S.C. § 2680(c); see United States v. $149,345 United States Currency, 747 F.2d 1278, 1283 (9th Cir.1984) (section 2680(c) excludes claims arising from seizure of money related to drug activities).
 
 AFFIRMED.[2]
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although the district court did not base its decision on this point, this court may affirm on any basis supported by the record. See Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937, 110 S.Ct. 3217, 110 L.Ed.2d 664 (1990)
 
 
 [2]
 We DENY Howe's motions to sanction the government, to impeach government counsel, to continue the hearing of this case, and to appoint counsel