988 F.2d 126
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Manly WILLIS, Plaintiff-Appellant,
v.
UNITED STATES ARMY, Defendant-Appellee.
 No. 92-15456.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 11, 1993.*
Decided Feb. 22, 1993.
 
 Appeal from the United States District Court for the Northern District of California, No. CV-91-20091-WAI; William A. Ingram, Chief Judge, Presiding.
 N.D.Cal.
 AFFIRMED.
 Before GOODWIN, SCHROEDER and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Manly Willis appeals pro se the district court's dismissal for lack of subject-matter jurisdiction of Willis's action against the United States Army. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm.[1]
 
 
 3
 Willis was employed as a civil service employee of the Army at Fort Ord, California, working in food service. Willis was placed on disability status as a result of on-the-job injuries and previous medical conditions. Willis was referred to a position as a clerk due to his disabilities. Willis's position was abolished due to a reduction-in-force and Willis was terminated on October 19, 1990.
 
 
 4
 Willis filed his complaint in district court on February 22, 1991.[2] Willis alleged medical malpractice and negligence in connection with his on-the-job injuries. Willis alleged wrongful termination and/or discrimination on the basis of his disability. Willis also alleged that he was harassed by his supervisors for filing complaints and grievances relating to his injuries and employment. The United States moved to dismiss or in the alternative for summary judgment. Willis did not oppose the motion. The district court concluded that it lacked subject-matter jurisdiction to hear the action, granted defendant's motion, and dismissed the action.
 
 
 5
 Because the district court considered matters outside the pleadings, we construe the dismissal as a grant of summary judgment. See Fed.R.Civ.P. 12(b); Coverdell v. Department of Social & Health Servs., 834 F.2d 758, 761 (9th Cir.1987). We review de novo the district court's summary judgment. Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990). We also review de novo the district court's legal conclusion that it lacked subject-matter jurisdiction. United States v. Moncini, 882 F.2d 401, 403 (9th Cir.1989).[3]
 
 
 6
 Willis failed to allege a jurisdictional basis for any of his claims. To the extent that Willis seeks compensation for medical malpractice or for injuries resulting from the negligence of federal employees, he may bring a Federal Tort Claims Act (FTCA) action against the United States. See 28 U.S.C. § 2674. To bring a FTCA claim, however, Willis must first exhaust his administrative remedies. See 28 U.S.C. § 2675; Jerves v. United States, 966 F.2d 517, 518-19 (9th Cir.1992). Here, because Willis failed to exhaust his administrative remedies, the district court correctly concluded that it lacked jurisdiction under the FTCA. See Jerves, 966 F.2d at 519 (requirement of filing administrative claim is jurisdictional and may not be waived).
 
 
 7
 The Federal Employees Compensation Act (FECA) is the exclusive remedy for federal employees who are injured in the scope of their employment. See 5 U.S.C. § 8116(c); Sheehan v. United States, 896 F.2d 1168, 1173 (9th Cir.), amended, 917 F.2d 424 (9th Cir.1990). The decision of the Secretary of Labor allowing or denying payment on a FECA claim is not subject to judicial review in the federal courts. 5 U.S.C. § 8128(b)(2); Sheehan, 896 F.2d at 1173 & n. 10. Here, defendant submitted documentation showing that Willis had pursued a FECA remedy for his on-the-job injuries and had received compensation for his claim. Thus, the district court correctly concluded that it lacked jurisdiction over Willis's action to the extent that he sought review of his FECA claims or compensation for his on-the-job injuries. See Sheehan, 896 F.2d at 1173.
 
 
 8
 The Civil Service Reform Act (CSRA), Pub.L. No. 95-454, 92 Stat. 1111 (codified as amended in scattered sections of 5 U.S.C.), is the exclusive remedy for a federal civil service employee alleging wrongful termination or challenging an adverse employment decision. Saul v. United States, 928 F.2d 829, 842 (9th Cir.1991). The CSRA permits federal employees to challenge prohibited personnel practices by their supervisors, and mandates that collective bargaining agreements covering federal employees contain grievance procedures culminating in binding arbitration. 5 U.S.C. §§ 2302, 7121; Saul, 928 F.2d at 833. Because the CSRA is the exclusive remedy for federal employees challenging employment actions, the district court correctly concluded that it lacked jurisdiction to hear Willis's action to the extent he alleged wrongful termination. See Saul, 928 F.2d at 843.
 
 
 9
 Finally, to bring an action alleging employment discrimination on the basis of handicap pursuant to Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-16(c), or the Rehabilitation Act, 29 U.S.C. §§ 791, 794a, Willis must first exhaust administrative remedies. Vinieratos v. United States Dep't of the Air Force, 939 F.2d 762, 767-68, 773 (9th Cir.1991); Boyd v. United States Postal Serv., 752 F.2d 410, 413-14 (9th Cir.1985). Willis failed to exhaust his administrative remedies under these statutes. Accordingly, the district court correctly concluded that it lacked jurisdiction to hear Willis's action to the extent that he alleged a discrimination claim.
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, we deny Willis's request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We grant Willis's motion to file his reply brief late
 
 
 [2]
 Willis had originally filed a complaint in district court on October 17, 1990. On March 7, 1991, that complaint was dismissed without prejudice. The complaint in the instant action is identical to the first complaint except for the addition of two new claims
 
 
 [3]
 In the exercise of our discretion, we deny defendant's request that we dismiss this appeal because Willis failed to comply with the Federal Rules of Appellate Procedure and the Ninth Circuit Rules