51 F.3d 279
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert J. BLAIR, Jr., Plaintiff-Appellant,
v.
SECRETARY OF the Army, Defendant-Appellee.
 No. 94-15641.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 21, 1995.*
Decided April 4, 1995.
 
 Before: SNEED, POOLE, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert J. Blair Jr. appeals pro se the district court's dismissal of his Federal Tort Claims Act (FTCA), 28 U.S.C. Sec. 2674, action against the United States Army for lack of subject-matter jurisdiction. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 * Background
 
 
 4
 On February 26, 1993, Blair, a civilian employee of the United States Army, filed an administrative tort claim for work-related emotional and physical injuries. Blair alleged that he had been subject to a hostile work environment, in which his supervisors had conducted "a malicious, calculated and planned assault to inflict emotional distress" on him. On March 31, 1993, the Army denied the claim.
 
 
 5
 Previously, on May 13, 1991, Blair had filed a claim under the Federal Employees Compensation Act (FECA), 5 U.S.C. Sec. 8116(c), for emotional and physical injuries arising out of the same events. The claim was initially denied by the Secretary of Labor. Upon reconsideration, however, the Secretary accepted the claim on April 22, 1993 and paid benefits to Blair based on his being "disabled for work due to [a] psychiatric condition."
 
 
 6
 On September, 15, 1993, Blair filed this FTCA action seeking damages for the same work-related injuries. The district court dismissed the action for lack of subject-matter jurisdiction.
 
 II
 Analysis
 
 7
 We review de novo the district court's legal conclusion that it lacked subject-matter jurisdiction. United States v. Moncini, 882 F.2d 401, 403 (9th Cir.1989).
 
 
 8
 The FECA is the exclusive remedy for federal employees who are injured in the scope of their employment. See 5 U.S.C. Sec. 8116(c); Figueroa v. United States, 7 F.3d 1405, 1408 (9th Cir.1993), cert. denied, 114 S.Ct. 1537 (1994) ("[t]he remedies provided under FECA are exclusive of all other remedies against the United States for job-related injury"). Moreover, the decision of the Secretary of Labor allowing or denying payment on a FECA claim is not subject to judicial review in the federal courts. 5 U.S.C. Sec. 8128(b)(2); Southwest Marine, Inc. v. Gizoni, 112 S.Ct. 486, 493 (1991) ("FECA contains an unambiguous and comprehensive provision barring any judicial review of the Secretary's determination of FECA coverage.... Consequently, the courts have no jurisdiction over FTCA claims where the Secretary of Labor determines that FECA applies." (quotations omitted)); see also Sheehan v. United States, 896 F.2d 1168, 1173 (9th Cir.), amended, 917 F.2d 424 (9th Cir.1990).[1]
 
 
 9
 Here, the defendant submitted documentation showing that Blair had pursued a FECA remedy for his on-the-job injuries and had received compensation for his claim. Thus, the district court correctly concluded that it lacked jurisdiction over Blair's action to the extent that he sought to raise those claim in a FTCA action or review of his FECA claims or compensation. See Southwest Marine, 112 S.Ct. at 493; Figueroa, 7 F.3d at 1408.[2]
 
 
 10
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In Sheehan, we held that a FTCA claim brought by a federal employee for intentional infliction of emotional distress resulting from a hostile work environment was not preempted by FECA. 896 F.2d at 1173. In Figueroa, however, we observed that the decision in Sheehan was based on the fact that "the plaintiff's claim was not colorable under FECA as a matter of law." 7 F.3d at 1408. Here, Blair's FECA claim is distinguishable from Sheehan in that it not only was a "colorable" FECA claim, but was a successful claim. See also Figueroa, 7 F.3d at 1408 (holding that emotional distress resulting from work-related stress covered by FECA)
 
 
 [2]
 The district court also found that it lacked subject-matter jurisdiction based on the Civil Service Reform Act (CSRA), Pub.L. No. 95-454, 92 Stat. 1111 (codified as amended in scattered sections of 5 U.S.C.). The CSRA is the exclusive remedy for a federal civil service employee alleging wrongful termination or challenging an adverse employment decision. Saul v. United States, 928 F.2d 829, 842 (9th Cir.1991). The CSRA permits federal employees to challenge prohibited personnel practices by their supervisors, and mandates that collective bargaining agreements covering federal employees contain grievance procedures culminating in binding arbitration. 5 U.S.C. Secs. 2302, 7121; Saul, 928 F.2d at 833. Because we find that the claim was barred under FECA, we need not address this alternative holding