Benjamin J. ROTH, Plaintiff—
Appellant,

v.

OFFICE OF WORKERS' COMPEN-
SATION PROGRAMS; et al.,
Defendants—Appellees,

and

Arvin J. Klein, Defendant.

No. 01–55661.

D.C. No. CV–99–02269–JTM/JAH.

United States Court of Appeals,
Ninth Circuit.

Submitted May 13, 2002 *.

Decided May 29, 2002.

Before FERNANDEZ, WARDLAW,
and W. FLETCHER, Circuit Judges.

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

## MEMORANDUM **

Benjamin J. Roth appeals pro se the district court's judgment dismissing his action alleging discrimination in the termination of his worker's compensation benefits under 42 U.S.C. § 1983, the Americans with Disabilities Act, the Rehabilitation Act of 1973, and the Age Discrimination in Employment Act. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo dismissals pursuant to Fed. R.Civ.P. 12(b)(6), *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295 (9th Cir. 1998), and we affirm.

The district court properly concluded that it had jurisdiction to review the Office of Worker's Compensation Program's decision to terminate Roth's benefits under the Worker's Compensation Act because jurisdiction exists where an agency is charged with violating a clear statutory mandate or prohibition. *See Sheehan v. United States*, 896 F.2d 1168, 1174 (9th Cir.), *amended by* 917 F.2d 424 (9th Cir.1990) (order).

The district court properly dismissed Roth's Title VII claims against the United States Department of Labor because Roth was not an employee of that agency. *Cf. Ward v. EEOC*, 719 F.2d 311, 313 (9th Cir.1983). Roth's remaining discrimination contentions lack merit because Title VII is the exclusive remedy for federal employee discrimination claims. *See Vinieratos v. United States*, 939 F.2d 762, 773 (9th Cir.1991).

Roth's remaining contentions regarding 33 U.S.C. § 931(c), consent to magistrate jurisdiction, and oral argument in the district court lack merit.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

The Clerk shall file Roth's additional citations, received by this court on November 19, 2001.

AFFIRMED.

---

* Jo Anne B. Barnhart is substituted for her predecessor as Commissioner of the Social Security Administration. Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). The panel therefore denies Miulli's request for argument.

**** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.