**Alfred M. ADAMS, an Arizona resident and citizen, Plaintiff—Appellant,**

v.

**UNITED STATES of America, Defendant—Appellee.**

**No. 04–16702.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 14, 2006.

Filed June 28, 2006.

David L. Abney, Esq., Skousen Skousen Gulbrandsen & Patience, PC, Mesa, AZ, for Plaintiff–Appellant.

Suzanne M. Chynoweth, AUSA, Office of the U.S. Attorney, Phoenix, AZ, for Defendant–Appellee.

Before: RYMER and T.G. NELSON, Circuit Judges, and KING,* Senior Judge.

**MEMORANDUM ***

Alfred M. Adams appeals the district court's dismissal of his claim under the Federal Tort Claims Act (FTCA)[1] for lack of jurisdiction. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

* The Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. 28 U.S.C. §§ 2671–80.

2. *See* 28 U.S.C. § 2680(h); *Sheehan v. United States*, 896 F.2d 1168, 1169–72 (9th Cir.1990) (noting that, when construing the meaning of the torts enumerated by 28 U.S.C. § 2680, the

The district court correctly determined that Adams's claim for false light invasion of privacy arose out of defamation as that tort is traditionally defined.[2] The dissemination of false information underlies Adams's claim as well as the traditional tort of defamation.[3] Accordingly, the FTCA does not waive the United States's sovereign immunity as to Adams's claim,[4] and the district court therefore lacked jurisdiction.

**AFFIRMED.**

---

court looks to the "traditional" meaning of the tort "commonly understood" or "established" at the time Congress enacted the FTCA).

3. Our inquiry focuses not on Adams's characterization of his claim, but on the conduct underlying it. *Sheehan*, 896 F.2d at 1171; *Block v. Neal*, 460 U.S. 289, 296–97, 103 S.Ct. 1089, 75 L.Ed.2d 67 (1983); *United States v. Neustadt*, 366 U.S. 696, 705–08, 81 S.Ct. 1294, 6 L.Ed.2d 614 (1961).

