**MT. HOMES, INC., a Washington Corporation, Plaintiff–Appellant,**

v.

**UNITED STATES of America, Defendant–Appellee.**

No. 88–4237.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Aug. 10, 1990.

Decided Aug. 24, 1990.

Ian Macrae, Macrae & Richmond, Issaquah, Wash., for plaintiff-appellant.

Charles Pinnell, Asst. U.S. Atty., Seattle, Wash., for defendant-appellee.

Before WRIGHT, BEEZER and TROTT, Circuit Judges.

EUGENE A. WRIGHT, Circuit Judge:

Although the United States is generally liable for its torts under the Federal Tort Claims Act, 28 U.S.C. § 2674, *et seq.*, it is immune from any claim arising out of misrepresentation. *Id.* § 2680(h). We consider here if Mt. Homes' claim falls within the misrepresentation exception to tort liability.

## BACKGROUND

Mt. Homes built 49 houses between 1981 and 1984 that were financed by the Farmers Home Administration (FmHA), which supplied the contracts for use between Mt. Homes and buyers, and conducted the closings.

The FmHA treated Mt. Homes as a "speculative builder" constructing "spec" houses. According to Wash.Admin.Code § 458–20–170, the buyer of a "custom" house built by a prime contractor pays full retail sales tax for the house. The buyer of a "spec" house built by a speculative builder does not.[1] The speculative builder pays state sales tax only on materials and labor on the "spec" house but not on the full contract price.

During the loan approval process, FmHA supplied Mt. Homes with cost estimate sheets that requested information about the cost of building, including estimates for sales tax on labor and materials. Mt. Homes completed the forms, showing sales tax figures that it would pay if the houses were "specs." Thereafter, it executed construction contracts as prepared by FmHA, which stated the full contract price but did not include a figure for sales tax.

Mt. Homes paid the amount of sales tax to the State Department of Revenue for labor and materials as if the houses were "specs." The Department determined that these were "custom" houses and that the buyers should have paid retail sales tax on the full contract prices. Because the amount of tax had not been included in the sale contracts, Mt. Homes was liable as the prime contractor of the "custom" houses. *See* Wash.Rev.Code § 82.08.050. It brought this action to recover from the government, alleging that its agency prepared the contracts and cost estimate sheets negligently. The district court granted the government's motion for summary judgment.[2]

## ANALYSIS

### I. *Standard of Review*

We review de novo. *Guidry v. Durkin*, 834 F.2d 1465, 1468 (9th Cir.1987). We view the evidence in the light most favorable to Mt. Homes to determine if the district court applied the law correctly and

---

1. A "custom" house is one built by a prime contractor on land owned by the buyer. A "spec" house is one built by a speculative builder on land owned by the contractor.

2. Mt. Homes was assessed approximately $168,000, including interest and penalties, and settled with the Department for $50,000 in addition to the $60,000 previously paid to the Department.

if there are any genuine issues of material fact. *See Tzung v. State Farm Fire & Casualty Co.*, 873 F.2d 1338, 1339–40 (9th Cir.1989). The facts are not in dispute.

## II. *Federal Tort Claims Act: Application of Section 2680(h)*

The United States is liable for its torts in the same manner and to the same extent as a private person under like circumstances. 28 U.S.C. § 2674. It is immune under § 2680(h) from "[a]ny claim arising out of ... misrepresentation." This immunity provision applies to claims that arise from negligent and willful misrepresentation. *United States v. Neustadt*, 366 U.S. 696, 702, 81 S.Ct. 1294, 1298, 6 L.Ed.2d 614 (1961).

The Supreme Court has in two opinions, *United States v. Neustadt*, 366 U.S. 696, 81 S.Ct. 1294, 6 L.Ed.2d 614 (1961), and *Block v. Neal*, 460 U.S. 289, 103 S.Ct. 1089, 75 L.Ed.2d 67 (1983), discussed whether a claim falls within the negligent misrepresentation exception of § 2680(h). Resolving this case depends on an analysis of both decisions.

The Court in *Neustadt* considered if the United States was liable under the Federal Tort Claims Act to a home purchaser who had been furnished with an inaccurate statement from a Federal Housing Administration inspection and appraisal. 366 U.S. at 697, 81 S.Ct. at 1295. The FHA had inspected the building to determine if it was eligible for mortgage insurance and the respondents had relied on a statement of the FHA appraisal to pay a purchase price in excess of the house's fair market value. *Id.* After the respondents discovered serious structural defects in the house, they sued, alleging that the FHA had negligently inspected and appraised the property, and that they had justifiably relied on the appraisal in paying a higher price for it. *Id.* at 700–01, 81 S.Ct. at 1297–98.

The Court characterized respondents' claim as one for negligent misrepresentation and found it barred by § 2680(h). *Id.* at 711, 81 S.Ct. at 1302. It defined the traditional tort of negligent misrepresentation as one that arose from a breach of "the duty to use due care in obtaining and communicating information upon which that party may reasonably be expected to rely in the conduct of his economic affairs."[3] *Id.* at 706, 81 S.Ct. at 1300.

The Court in *Block* distinguished this duty to obtain and communicate accurate information which is barred by § 2680(h) from the duty to perform another task which is not barred by § 2680(h). The respondent there had received an FmHA loan for the construction of a prefabricated house. The FmHA, after inspecting the site three times, had issued a report that the construction was in accord with its drawings and specifications. *Block*, 460 U.S. at 291–92, 103 S.Ct. at 1090–91. After moving in the respondent discovered serious construction defects and sued, alleging that the defects were due to the failure of the FmHA to inspect and to supervise construction of the house. *Id.* at 290, 103 S.Ct. at 1090.

The Court first discussed the respondent's allegations in *Neustadt* and said:

[T]he essence of an action for misrepresentation ... is the communication of misinformation on which the recipient relies. The gravamen of the action against the Government in *Neustadt* was that the plaintiff was misled by a "Statement of FHA Appraisal" prepared by the Government. Neustadt alleged no injury that he would have suffered independently of his reliance on the erroneous appraisal. Because the alleged conduct that was the basis of his negligence claim was in essence a negligent misrepresentation, Neustadt's action was

---

**3.** The Court also distinguished the tort of negligent misrepresentation from many familiar forms of negligent misconduct which involved an element of misrepresentation in the generic sense; identified it with an action for deceit; and noted that it had been confined largely to the invasion of financial or commercial interests in the course of business dealings. *Neustadt*, 366 U.S. at 711 n. 26, 81 S.Ct. at 1302 n. 26.

barred under the "misrepresentation" exception.

*Id.* at 296–97, 103 S.Ct. at 1093–94.

The Court concluded that § 2680(h) relieved the government of liability for "pecuniary injuries which are wholly attributable to reliance on the Government's negligent misstatements." *Id.* at 297, 103 S.Ct. at 1093. But it did not bar "negligence actions which focus[ed] not on the Government's failure to use due care in communicating information, but rather on the Government's breach of a different duty." *Id.* In that instance, the government's misstatements would not be essential to the plaintiff's negligence claim. *Id.*

The Court then examined the complaint of the respondent and found that she had alleged a breach of a duty different from that to use due care in communicating information. She had alleged that the FmHA breached its "duty to use due care to ensure that the builder adhere to previously approved plans and cure all defects before completing construction." *Id.* She would have been required to prove that the FmHA had voluntarily undertaken to supervise the construction of her house and failed in its duty imposed by the Good Samaritan Doctrine to use due care. *Id.* Thus, the FmHA's misstatements were "not essential" to her claims and § 2680(h) did not bar an action for breach of the duty to supervise construction. *Id.*

To determine if the misrepresentation exception of § 2680(h) applies here, we must analyze "the conduct upon which the cause[ ] of action alleged" rests. *See Sheehan v. United States*, 896 F.2d 1168, 1170

(9th Cir.1990). Mt. Homes has alleged that:

> The Revised Code of Washington, Section 82.08.050, requires that the amount of sales tax on a given transaction shall be set forth separately from the selling price on all sales contracts. The sales tax is to be collected by the seller from the buyer, and paid to the Washington State Department of Revenue. The contracts of sale prepared by FmHA negligently failed to meet this legal requirement in that they did not include or set forth the total amount of sales tax due on the entire transaction. Mt. Homes relied upon FmHA's skill and expertise in the preparation of the contracts. As a result of this reliance Mt. Homes collected no sales tax from the buyers, and paid a portion of the tax from it's [sic] own funds. FmHA had owed a duty to both Mt. Homes and to the buyers to prepare the contracts and documents in accordance with state law. Said duty was breached through the negligent preparation of the various contracts and documents.

Complaint at 1–2.

We agree with the district court that this is in essence an action for negligent misrepresentation. Appellant alleges that FmHA did not specify the correct amount of sales tax in the cost estimate sheets and did not include any amount in the contracts. It says that it relied on this incorrect information to decide if it should collect sales tax from the buyers of the houses. As a result of its reliance, it became liable for the tax.[4] The essential part of this claim is that FmHA failed to communicate the correct sales tax information.[5]

---

**4.** Although the district court did not consider if FmHA had a duty to gather the correct Washington sales tax information and communicate it to Mt. Homes, we assume that it had and breached such a duty. The existence of an explicit duty to communicate such information would not render § 2680(h) inapplicable. *See Green v. United States*, 629 F.2d 581, 584 (9th Cir.1980).

**5.** FmHA's error was that it treated each house as though it was a "spec" built by a speculative builder. Mt. Homes was in a better position than FmHA to know if it fell within the definition of a speculative builder under Wash.Admin.

Code § 458–20–170. Such a builder is one who constructs:

> [B]uildings for sale ... upon real estate owned by him [the speculative builder]. The attributes of ownership of real estate for purposes of this rule include but are not limited to the following: (1) The intentions of the parties in the transaction under which the land was acquired; (2) the person who paid for the land; (3) the person who paid for improvements to the land; (4) the manner in which all parties, including financiers, dealt with the land.

Mt. Homes has not alleged any injury it would have suffered independently of its reliance on the erroneous tax information in the estimate sheets and contracts.[6] *See Guild v. United States,* 685 F.2d 324, 325 (9th Cir.1982) (essential factor of negligent misrepresentation claim is that plaintiff relied upon misinformation communicated by the government); *Clark v. United States,* 218 F.2d 446, 452 (9th Cir.1954) (misrepresentation within § 2680(h) when plaintiff alleged that the government negligently informed and advised tenants of flood danger); *Schinmann v. United States,* 618 F.Supp. 1030, 1034–37 (E.D.Wash.1985) (misrepresentation within § 2680(h) when Bureau of Reclamation miscalculated water supply for farmers), *aff'd,* 811 F.2d 1508 (9th Cir.), *cert. denied,* 484 U.S. 924, 108 S.Ct. 286, 98 L.Ed.2d 246 (1987).

Our conclusion is buttressed by the fact that Mt. Homes has suffered an economic injury in a commercial setting. The tort of negligent misrepresentation has been confined largely to the invasion of financial or commercial interests in the course of business dealings. *Neustadt,* 366 U.S. at 711 n. 26, 81 S.Ct. at 1302 n. 26. Section 2680(h) precludes liability when the plaintiff suffers an economic loss as a result of a commercial decision based on a misrepresentation consisting of either false information or a failure to provide information it had a duty to provide. *Green v. United States,* 629 F.2d 581, 584–85 (9th Cir.1980); *see also Frigard v. United States,* 862 F.2d 201, 202–03 (9th Cir.1988) (section 2680(h) bars claims arising from commercial decisions based on false or inadequate information provided by the government), *cert. denied,* —— U.S. ——, 109 S.Ct. 2448, 104 L.Ed.2d 1003 (1989).

Mt. Homes, a commercial builder, relied on the inaccurate statements in the contracts to determine the sales tax it would collect from buyers and remit to the state. Its failure to collect any tax was a commer-

cial decision that resulted in its economic injury. Section 2680(h) precludes recovery.

Mt. Homes argues that it has not brought an action for negligent misrepresentation but an action for the negligent preparation of the cost estimate sheets and contracts.[7] It says:

> FmHA had owed a duty to both Mt. Homes and to the buyers to prepare the contracts and documents in accordance with state law. Said duty was breached through the negligent preparation of the various contracts and documents.

Complaint at 1–2.

Although it has couched its complaint in terms of the breach of a duty to prepare the documents adequately, we look beyond its characterization to the conduct on which the claim is based. *See Sheehan,* 896 F.2d at 1171. This argument fails because, as we have said, the essential element of Mt. Homes' claim is that FmHA gave it inaccurate information and absent this miscommunication there is no loss. This distinguishes the case from *Block* in which there was an injury absent the miscommunication.

## CONCLUSION

Because Mt. Homes' claim falls within the definition of the tort of negligent misrepresentation, the government is immune from liability under § 2680(h) of the Federal Tort Claims Act.

AFFIRMED.

---

**6.** The only injury alleged was that Mt. Homes became liable for sales tax on the full contract price of each house.

**7.** Although Mt. Homes alleges that FmHA negligently performed "other operational tasks" in regards to the buyers and sellers transactions, it has not presented any evidence to support this claim. Summary judgment is appropriate.