974 F.2d 1341
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Edward and Sandra BENNETT, Plaintiffs-Appellants,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 90-56376.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 7, 1992.*
Decided Sept. 2, 1992.
 
 1
 Before SNEED and D.W. NELSON, Circuit Judges, and WANGER**, District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Plaintiffs/appellants Edward and Sandra Bennett sued defendant/appellee United States pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671 et. seq. alleging that tortious conduct of the Farmers Home Administration ("FmHA") during a series of loan transactions caused loss to their rabbit ranching business. Four claims were asserted: breach of fiduciary duty, negligence, duress and undue influence, and breach of the implied duty of good faith and fair dealing. The District Court dismissed the complaint for lack of subject matter jurisdiction. The District Court rejected allegations of a continuing tort and held all matters not foreclosed by the two-year statute of limitations barred by either the misrepresentation or the discretionary function exceptions to the FTCA. This timely appeal followed and we affirm.
 
 
 4
 The complaint alleges: Between 1981 and 1984, appellants received FmHA loans totalling $211,000 to establish a rabbit ranching operation. Appellants failed to make an annual payment on January 1, 1986. On February 18, 1986, FmHA sent appellants a Notice of Intent to Take Adverse Action. On June 3, 1986, the Bennetts met with FmHA's loan officer, who told them "it's all over" and the FmHA might require that plaintiffs quit their land within three months; all as part of an alleged plan to force them out of business.
 
 
 5
 FmHA denied appellants' rescheduling application on July 2, 1986, and their appeal on September 5, 1986. FmHA's acting State Director refused to reconsider the denial of plaintiffs' appeal in a "final decision" letter of October 8, 1986 that concluded any administrative appeal. As a result, appellants closed down much of their rabbit operation. Failure of the FmHA to fund and properly supervise the business allegedly contributed to its demise.
 
 
 6
 On February 14, 1987, the FmHA sent plaintiffs a second Notice of Intent to Take Adverse Action claimed to be a "targeted effort to cause foreclosure and debt recovery." Plaintiffs' May of 1988 Freedom of Information Act request obtained FmHA documents that disclosed "alterations, omissions and errors." Plaintiffs assert it was only at this point they "became aware of the manner in which their case was handled by the FmHA and its agents."
 
 
 7
 Plaintiffs submitted their tort claim to the FmHA on September 26, 1988. The FmHA's lack of response operated to deny the claim. 28 U.S.C. § 2675(a) Plaintiffs' initial complaint was filed on September 25, 1989. On September 26, 1990, the Second Amended Complaint was dismissed without leave to amend for lack of subject matter jurisdiction and failure to state a claim.
 
 
 8
 Review of a district court's determination that it lacks subject matter jurisdiction is de novo. Foster v. United States, 923 F.2d 765, 767 (9th Cir.1991) Factual findings on jurisdictional issues must be accepted unless clearly erroneous. Montes v. Thornburgh, 919 F.2d 531, 535 (9th Cir.1990). Review of a dismissal for failure to state a claim is de novo and the allegations of the complaint are accepted as true, drawing all reasonable inferences in favor of the nonmoving party. Woodrum v. Woodward County, 866 F.2d 1121, 1124 (9th Cir.1989); Usher v. Los Angeles, 828 F.2d 556, 561 (9th Cir.1987).
 
 A. Statute of Limitations
 
 9
 The FTCA provides for a two-year statute of limitations, 28 U.S.C. Sec. 2401(b), for presenting a written claim to the appropriate federal agency. Augustine v. United States, 704 F.2d 1074, 1077, n. 4 (9th Cir.1983). A tort claim accrues when plaintiff knows or has reason to know of the injury which is the basis of the action and knows or should have known the cause of injury. United States v. Kubrick, 444 U.S. 111, 120, 124; 100 S.Ct. 352, 358 (1979); see Davis v. United States, 642 F.2d 328, 330-31 (9th Cir.1981) cert. denied 455 U.S. 919 (1982). "Discovery of the cause of one's injury, however, does not mean knowing who is responsible for it." Dyniewicz v. United States, 742 F.2d 484, 486 (9th Cir.1984).
 
 
 10
 Plaintiffs alleged several communications from the FmHA caused them to discontinue their business for fear of imminent foreclosure. Plaintiffs' only administrative claim was filed September 26, 1988. This time-bars prior claims. Plaintiffs suggest the potentially timely claim arises out of an October 8, 1986 FmHA letter which declined further debt restructure and admitted error in sending the February 18, 1986 letter. One specific event is identified after this date, a February 14, 1987 Notice of Intent to Take Adverse Action. Plaintiffs' failure to file an administrative complaint about that letter by 1989 constitutes a failure to exhaust administrative remedies.
 
 
 11
 Plaintiffs contend their claim did not accrue until May of 1988 when they discovered the alleged negligent mismanagement of their FmHA account from a review of documents obtained by a Freedom of Information Act request. This is irrelevant to the accrual of a cause of action. "With knowledge of the fact of injury and its cause ... [t]he burden is then on plaintiff to ascertain the existence and source of fault within the statutory period." Davis, 642 F.2d at 331.
 
 
 12
 Plaintiffs cannot assert a continuing tort theory to toll the statute of limitations because the alleged harm to plaintiffs' business was not hidden, nor did it manifest itself many years later. See e.g. Stoleson v. United States, 629 F.2d 1265, 1270-71 (7th Cir.1980) (Action accrued only when physician told plaintiff of the cause and effect of nitroglycerin exposure previously unknown to medical science) Furthermore, the alleged wrongs are distinct, not one continuing violation. Cf. Havens Realty Corp. v. Coleman, 455 U.S. 363, 380-81, 102 S.Ct. 1114, 1125 (1982). Here, plaintiffs complain of separate instances: the FmHA misled them about foreclosure, wrongfully refused to extend more credit, and failed to assist in management of their business.
 
 B. Misrepresentation Exception
 
 13
 To the extent that appellants' claims resulted from FmHA's miscommunications, the misrepresentation exception to the FTCA waiver of sovereign immunity shields it from liability as a matter of law. 28 U.S.C. § 2680(h)
 
 
 14
 The FTCA waives sovereign immunity and subjects the United States to tort liability to the same extent as a private person under similar circumstances. 28 U.S.C. § 2674; Seyler v. United States, 832 F.2d 120, 121 (9th Cir.1987). Under 28 U.S.C. § 2680(h), the United States retains immunity from "[a]ny claim arising out of ... misrepresentation, deceit, or interference with contract rights...." This exception applies to pecuniary injuries attributable to reliance on negligent or intentional misrepresentations by the government. United States v. Neustadt, 366 U.S. 696, 702, 81 S.Ct. 1294, 1298, 6 L.Ed.2d 614 (1961); Block v. Neal, 460 U.S. 289, 296-97, 103 S.Ct. 1089, 1093-94, 75 L.Ed.2d 67 (1983).
 
 
 15
 Plaintiffs in Neustadt relied upon an inaccurate appraisal by the Federal Housing Administration and paid more than fair market value for their home. The Supreme Court barred the claim under § 2680(h) because the action for negligent inspection and appraisal was merely an action for negligent misrepresentation defined as "the duty to use due care in obtaining and communicating information upon which that party may reasonably be expected to rely in the conduct of his economic affairs." Neustadt, 366 U.S. 706, 81 S.Ct. at 1300.
 
 
 16
 In Block v. Neal, the Supreme Court distinguished Neustadt and allowed suit when the FmHA inspected a prefabricated house three times during construction and ultimately reported that the construction satisfied FmHA drawings and specifications. 460 U.S. at 296, 103 S.Ct. at 1090-91. The Court held that, in contrast to Neustadt, Neal had alleged the breach of a "duty to use due care to ensure that the builder adhere to previously approved plans and cure all defects before completing construction." Id. at 297. The claim of FmHA negligent supervision of construction constituted the breach of a separate duty under the Good Samaritan Doctrine so that the FmHA's misrepresentations were "not essential" to plaintiff's claims and § 2680(h) did not apply. Id.
 
 
 17
 The FmHA in this case neither undertook the construction of plaintiffs' rabbit ranch, nor the supervision or management of the ongoing business. Assuming the FmHA mismanaged the Bennetts' file, this mismanagement of information caused no harm to plaintiffs until the FmHA made "misstatements" of intent about continued financing and foreclosure, which the plaintiffs say they relied upon to their detriment based on a belief that foreclosure was imminent. See Mt. Homes, Inc. v. United States, 912 F.2d 352 (9th Cir.1990) (FmHA failure to include the total amount of sales tax due on a transaction constituted failure to communicate the correct information so the claim was barred by misrepresentation exception); Alexander v. United States, 787 F.2d 1349 (9th Cir.1986) (Claim for negligence against FBI for disclosure of expunged arrest was really a claim for misrepresentation barred by § 2680(h)). Without the letters and statements that allegedly coerced the Bennetts into abandoning their operation, no injury would have occurred and thus no claim could have arisen. See Williamson v. United States Dep't of Agric., 815 F.2d 368, 378 (5th Cir.1987) (Claims against FmHA for false promises of future loans and false statements barred by misrepresentation exception).
 
 
 18
 This Court has consistently held that § 2680(h) "precludes liability when the plaintiff suffers an economic loss as a result of a commercial decision based on a misrepresentation consisting of either false information or a failure to provide information it had a duty to provide." Mt. Homes, supra, 912 F.2d at 356 (citing Green v. United States, 629 F.2d 581, 584-85 (9th Cir.1980); Frigard v. United States, 862 F.2d 201, 202-203 (9th Cir.1988) cert. denied, 109 S.Ct. 2448, 104 L.Ed.2d 1003 (1989)) cf. Guild v. United States, 685 F.2d 324, 325 (9th Cir.1982) (United States liable because the Government engaged in the design and construction of the dam, an operational task, not merely the communication of misinformation).
 
 C. Discretionary Function Exception
 
 19
 Even if these claims are not barred by the misrepresentation exception, the FmHA's decisions are protected by the discretionary function exception. 28 U.S.C. § 2680(a). To come within the exception, the challenged actions must satisfy two criteria. First, the acts or omissions must be "discretionary in nature, acts that 'involve an element of judgment or choice.' " United States v. Gaubert, 111 S.Ct. 1267, 1273 (1991) (quoting Berkovitz v. United States, 486 U.S. 531, 536 (1988); (citing Dalehite v. United States, 346 U.S. 15, 34 (1953)). Second, the conduct must be " 'based on considerations of public policy.' " Id. at 1274 (quoting Berkovitz, 486 U.S. at 537).
 
 
 20
 In defining the first criterion, the Supreme Court has noted that the exception will not apply when a " 'federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow.' " Gaubert, 111 S.Ct. at 1273 (quoting Berkovitz, 486 U.S. at 536). Plaintiffs cite no federal statute, regulation, or policy specifically prescribing a course of action any FmHA representative was required to follow. All the challenged actions concerned judgment or choice to be exercised or made by the FmHA in forming and administering the credit relationship with plaintiffs.
 
 
 21
 The second criterion examines whether the complained of decisions were "grounded in social, economic, and political policy." Gaubert, 111 S.Ct. at 1273. If defendants can submit a statute, regulation or agency guideline that permits the exercise of discretion, then the government employees acting pursuant to these policies are presumptively acting pursuant to that discretion and thus protected from tort liability. Id. at 1274. A review of the Consolidated Farm and Rural Development Act, Pub.L. No. 87-128, 75 Stat. 307 (1961) (codified at 7 U.S.C. §§ 1921-2000), demonstrates that Congress granted the Secretary of Agriculture significant discretion in managing the FmHA. Based on this grant of discretion, the FmHA's decisions concerning appellants' loans are protected by the discretionary function exception. See also, Williamson, 815 F.2d at 376; Teupker v. Farmers Home Administration, 708 F.2d 1329, 1332 (8th Cir.1983); Matzke v. Block, 564 F.Supp. 1157, 1166 (D.Kan.1983) aff'd in relevant part, 732 F.2d 799 (10th Cir.1984).
 
 
 22
 Further attempts to amend the complaint would have been futile. The dismissal of the complaint by the district court is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and 9th Cir.R. 34-4
 
 
 **
 Honorable Oliver W. Wanger, United States District Judge for the Eastern District of California, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3