**John S. PANGELINAN, Plaintiff— Appellant,**

v.

**Alex R. MUNSON; et al., Defendants— Appellees.**

No. 02–16884.

D.C. No. CV–02–00025–EM.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 13, 2003.*

Decided Jan. 15, 2003.

Before BEEZER, KLEINFELD and PAEZ, Circuit Judges.

MEMORANDUM***

John S. Pangelinan appeals pro se the judgment of the district court dismissing with prejudice his action against a district court judge and opposing counsel in a prior case. We have jurisdiction pursuant to 28 U.S.C. § 1291, we review de novo, *Zimmerman v. City of Oakland*, 255 F.3d 734, 737 (9th Cir.2001), and we affirm.

The district court properly determined that Judge Munson was entitled to absolute judicial immunity because he acted in his official capacity as a district court judge. *See Moore v. Brewster*, 96 F.3d 1240, 1243–44 (9th Cir.1996).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2)

Because attorney Rotbart was not a state actor, the district court properly dismissed the constitutional claims against him. *See Dennis v. Sparks*, 449 U.S. 24, 28, 101 S.Ct. 183, 66 L.Ed.2d 185 (1980). The district court properly determined that the remaining claims against Rotbart were barred by issue preclusion. *See Moore*, 96 F.3d at 1245.

Pangelinan's remaining contentions lack merit.

No further filings by the appellant shall be accepted in this closed appeal.

**AFFIRMED.**

**Edgar NUMRICH, Plaintiff—Appellant,**

v.

**UNITED STATES POSTAL SERVICE, Defendant—Appellee.**

No. 02–35295.

D.C. No. CV–01–00532–ST.

United States Court of Appeals, Ninth Circuit.

*** This disposition is not appropriate for publication and may not be cited to or by the

Submitted Jan. 13, 2003.*

Decided Jan. 15, 2003.

Before BEEZER, KLEINFELD and PAEZ, Circuit Judges.

### MEMORANDUM***

Edgar Numrich appeals pro se the district court's judgment dismissing his Federal Torts Claim Act action for lack of subject matter jurisdiction. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Orsay v. U.S. Dep't of Justice,* 289 F.3d 1125, 1128 (9th Cir.2002), and we affirm.

Numrich's first amended complaint alleged that the Postal Service entered into a contract with his former spouse to build a post office. During an ensuing contract dispute with Numrich's former spouse, the Postal Service made misrepresentations and took other actions that interfered with Numrich's rights under a separate contract he had with his former spouse to act as a real estate investment advisor. The district court properly dismissed Numrich's action because Numrich failed to show an explicit waiver of sovereign immunity. *See* 28 U.S.C. 2680(h) (preserving sovereign immunity for actions arising out of interference with contractual rights); *Dorking Genetics v. United States,* 76 F.3d 1261, 1264 (2d Cir.1996); *Mt. Homes, Inc. v. United States,* 912 F.2d 352, 356 (9th Cir.1990) (holding that court looks beyond plaintiff's characterization to the underlying conduct in determining whether section 2680(h) applies).

Numrich's remaining contentions lack merit.

Appellee's motion for judicial notice is granted.

**AFFIRMED.**

**Quinn R. OWEN; et al., Plaintiffs—Appellants,**

v.

**USDA OKANOGAN FFS; et al., Defendants—Appellees.**

No. 02–35375.

D.C. No. CV–01–00306–JLQ.

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 13, 2003.*

Decided Jan. 15, 2003.

courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument; therefore, we deny Numrich's request for oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously finds this case suitable for decision without oral argument, and denies appellants' request for oral argument. *See* Fed. R.App. P. 34(a)(2).