NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

SEP 21 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| SAM LEE, | No. 20-16722 |
| Plaintiff-Appellant, | D.C. No. 2:20-cv-00498-JCM-BNW |
| v. | |
| UNITED STATES OF AMERICA; UNITED STATES OF AMERICA EX REL UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Nevada
James C. Mahan, District Judge, Presiding

Submitted August 12, 2021**
San Francisco, California

Before: SILER,*** CHRISTEN, and FORREST, Circuit Judges.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable Eugene E. Siler, United States Circuit Judge for the U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

Sam Lee did not file his employment discrimination lawsuit in time. Under Title VII, a plaintiff must file suit within 90 days of receiving his right-to-sue letter from the Equal Employment Opportunity Commission (EEOC). *See* 42 U.S.C. § 2000(e)-5(f)(1). Lee received his letter in October and did not file suit until the following February.  But before he filed his untimely suit, the EEOC issued a second right-to-sue letter (upon his request), which claimed to restart the deadline. It did not. As a result, Lee alleges he incurred expenses pursuing a claim he would not have otherwise pursued. And he now sues the United States for negligence, breach of the covenant of good faith and fair dealing, declaratory relief, and negligent supervision.

The district court dismissed his case for lack of subject matter jurisdiction. It found that the EEOC was acting under a regulation and thus sovereign immunity was not waived under the Federal Tort Claims Act (FTCA). We have jurisdiction under 28 U.S.C. § 1291 and review the dismissal under Federal Rule of Civil Procedure 12(b)(1) de novo. *Davidson v. Kimberly-Clark Corp.*, 889 F.3d 956, 963 (9th Cir. 2018). We may affirm on any basis supported by the record, "even if the district court relied on the wrong grounds or wrong reasoning." *Muniz v. United Parcel Serv., Inc.*, 738 F.3d 214, 219 (9th Cir. 2013) (quoting *Cigna Prop. & Cas. Ins. Co. v. Polaris Pictures Corp.,* 159 F.3d 412, 418 (9th Cir. 1998)). Because the

FTCA does not provide us any jurisdiction over misrepresentation claims, we affirm.

Lee relies on the FTCA as the jurisdictional basis for each of his claims. The FTCA, however, is a limited waiver of the United States's sovereign immunity. And under the FTCA, the United States is immune from "[a]ny claim arising out of . . . misrepresentation," 28 U.S.C. 2680(h), including both negligent and willful misrepresentation, *United States v. Neustadt*, 366 U.S. 696, 702 (1961). To determine whether a claim is one for misrepresentation, we must look through to the substance of the allegations. *See Mt. Homes, Inc. v. United States,* 912 F.2d 352, 355 (9th Cir. 1990). Here, each of Lee's claims hinges on two essential facts: (1) the second right-to-sue letter purported to restart the filing deadline; and, (2) it did not restart the deadline. In other words, Lee's alleged injuries "are entirely the result of allegedly inaccurate information provided by the [EEOC.]"[1] *Pauly v. U.S. Dep't of Agric.*, 348 F.3d 1143, 1151 (9th Cir. 2003). And those types of "tort claims are barred by section 2680(h)." *Id.*; *see also Mt. Homes, Inc.*, 912 F.2d at 356.

AFFIRMED.

---

[1] Because Lee's negligent supervision claim hinges on the same underlying tort, it fails for the same reason.