NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 15 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARLON ABRAHAM ROSASEN, | No. 22-55980 |
| Plaintiff-Appellant, | D.C. No. 2:21-cv-06811-SPG-SP |
| and | |
| DTR, a minor; LAR, a minor, | MEMORANDUM[*] |
| Plaintiffs, | |
| v. | |
| KINGDOM OF NORWAY, as Responsible Party for the Following Agencies and Instrumentalities; et al., | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Sherilyn Peace Garnett, District Judge, Presiding

Submitted April 15, 2024[**]

Before: BENNETT, BADE, and COLLINS, Circuit Judges.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Plaintiff-Appellant Marlon Abraham Rosasen appeals pro se from the district court's order dismissing his First Amended Complaint (FAC) against Defendant-Appellee Kingdom of Norway.[1] We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

We review de novo the dismissal of a complaint for failure to allege jurisdiction under the Foreign Sovereign Immunities Act (FSIA). *Broidy Cap. Mgmt., LLC v. State of Qatar*, 982 F.3d 582, 586 (9th Cir. 2020). We conclude Norway is immune from suit under the FSIA because Rosasen has not pointed to any applicable exception to sovereign immunity.

1. The district court appropriately addressed sovereign immunity sua sponte because "federal jurisdiction does not exist unless one of the exceptions to immunity from suit applies." *Peterson v. Islamic Republic of Iran*, 627 F.3d 1117, 1125 (9th Cir. 2010); *see also* Fed R. Civ. P. 12(h)(3). Rosasen contends the district court erred by litigating on Norway's behalf, but "even if the foreign state does not enter an appearance to assert an immunity defense, a District Court still must determine that immunity is unavailable." *Peterson*, 627 F.3d at 1125 (quoting *Verlinden B.V. v. Cent. Bank of Nigeria*, 461 U.S. 480, 493 n.20 (1983)).

---

[1] When we refer to "Norway," we also refer to the defendant agencies and instrumentalities of Norway. *See* 28 U.S.C. § 1603(a), (b)(2). Rosasen does not contest the district court's dismissal of all individual defendants, so that issue is waived. *See Friends of Yosemite Valley v. Kempthorne*, 520 F.3d 1024, 1033 (9th Cir. 2008).

The plaintiff must "prove that immunity does not exist." *Id.*

Rosasen asserts that the FSIA's domestic tort exception to immunity applies to his claims. *See* 28 U.S.C. § 1605(a)(5). But that exception does not apply to "any claim arising out of malicious prosecution [or] abuse of process." *Id.* § 1605(a)(5)(B). Rosasen alleged that Norway instigated and supported his wife's custody petition under the Hague Convention and the International Child Abduction Remedies Act, which resulted in his wife obtaining custody of their children. *See Rosasen v. Rosasen*, No. 20-55459, 2023 WL 128617 (9th Cir. Jan. 9, 2023). Although Rosasen did not plead malicious prosecution or abuse of process claims, the gravamen of his claims is that Norway "misused legal procedures" to return his children to Norway. *Blaxland v. Commonwealth Dir. of Pub. Prosecutions*, 323 F.3d 1198, 1206 (9th Cir. 2003). Because Rosasen's claims are all predicated on Norway's alleged "wrongful use of legal process," the exception in § 1605(a)(5) does not apply. *Id.* at 1204; *see also id.* at 1203 (holding that the defendant was immune from emotional distress and loss of consortium claims because those claims "derive from the same corpus of allegations" as abuse of process and malicious prosecution claims). Rosasen's use of labels such as kidnapping, deprivation of rights, or conspiracy is insufficient to apply the exception because "[w]e look beyond the complaint's characterization to the conduct on which the claim is based." *Id.* at 1203 (alterations omitted) (quoting

3

*Mt. Homes, Inc. v. United States*, 912 F.2d 352, 356 (9th Cir. 1990)).  A plaintiff "cannot overcome sovereign immunity for claims of malicious prosecution and abuse of process by calling them a different name."  *Id.* at 1206.

We also reject Rosasen's argument that Norway's alleged acts fall under the commercial tort exception in 28 U.S.C. § 1605(a)(2).  Rosasen's suit is not "based upon," *id.*, commercial acts by Norway, such as hiring a law firm, because even if the commercial acts were proven, "those facts alone entitle [Rosasen] to nothing under [his] theory of the case."  *Saudi Arabia v. Nelson*, 507 U.S. 349, 358 (1993); *see also Broidy*, 982 F.3d at 594 (concluding that claims were not based on commercial activity when there was merely a connection between noncommercial torts and commercial conduct, "such as the hiring of a public relations firm").  Absent any applicable exception to sovereign immunity, the district court properly dismissed the FAC for lack of jurisdiction.

2.     Because Rosasen's claims all arise from alleged conduct for which Norway is immune, "it is clear on de novo review that the complaint could not be saved by amendment," and the district court properly denied leave to amend.  *Webb v. Trader Joe's Co.*, 999 F.3d 1196, 1204 (9th Cir. 2021) (quoting *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (per curiam)).  Without any likelihood of success on the merits, the district court did not abuse its discretion by declining to appoint counsel.  *See Palmer v. Valdez*, 560 F.3d 965,

4

970 (9th Cir. 2009). We also reject Rosasen's argument that the district court committed reversible error by failing to order the clerk of court to effectuate service on Norway, *see* 28 U.S.C. § 1608(a)(3), because his claims fail regardless of whether Norway was served, *see* Fed. R. Civ. P. 12(h)(3).

**AFFIRMED.**[2]

---

[2] We deny as moot the motions to file supplemental exhibits and a supplemental brief. Dkts. 7, 15.