120

Phillip James McCLENAHAN, Plaintiff,

v.

PARADISE CRUISES, LTD.; John Does 1–20; Mary Does 1–20; Doe Corporations 1–20; Doe Partnerships 1–20; Doe Associates 1–20; Doe Governmental Agencies 1–20; and Other Entities 1–20, In Personam, and M/V Holo Holo Kai O.N. 273420 a vessel and her engines, equipment, tackle, stores, furnishings, cargo and freight; and Doe Vessels 1–20; In Rem, Defendants.

PARADISE CRUISES, LTD.,
Third–Party Plaintiff,

v.

SNUBA OF OAHU, INC. and Daniel Rodan, Third–Party Defendants.

Felicia Marie FAKHOURI, Plaintiff,

v.

PARADISE CRUISES, LTD.; John Does 1–20; Mary Does 1–20; Doe Corporations 1–20; Doe Partnerships 1–20; Doe Associates 1–20; Doe Governmental Agencies 1–20; and Other Entities 1–20, In Personam, and M/V Holo Holo Kai O.N. 273420 a vessel and her engines, equipment.

Civ. Nos. 94–00367 SPK, 94–00366 SPK.

United States District Court,
D. Hawaiʻi.

May 19, 1995.

Jay L. Friedheim, Honolulu, HI, for plaintiffs Phillip James McClenahan and Felicia Marie Fakhouri.

John O'Kane, Jr., Alcantara & Frame, Honolulu, HI, for defendants Paradise Cruises, Ltd. and M/V Holo Holo Kai and third-party plaintiff Paradise Cruises, Ltd.

Richard A. Lesser, Hruska & Lesser, Redondo Beach, CA, for third-party defendants Snuba of Oahu, Inc. and Daniel Rodan.

ORDER DENYING THIRD–PARTY
DEFENDANTS' MOTION TO
DISMISS

SAMUEL P. KING, District Judge.

### OVERVIEW

Third–Party Defendants SNUBA of Oahu, Inc. and Daniel Rodan (collectively "SNUBA") move to dismiss this action for lack of subject matter jurisdiction. SNUBA asserts that there is no admiralty or maritime jurisdiction under 28 U.S.C. § 1333. The matter was argued and submitted on May 13, 1995. Jay Friedheim, Esq. appeared for Plaintiffs; Richard Lesser, Esq. appeared for SNUBA; and John O'Kane, Esq. appeared for Defendants Paradise Cruises, Inc. and the vessel M/V HOLO HOLO KAI. For the reasons

set forth, the court DENIES SNUBA's motion.

## BACKGROUND

These consolidated cases arise from injuries Plaintiffs allegedly sustained to their ears in incidents related to "Snuba" diving. The alleged facts are as follows: Plaintiffs Philip James McClenahan and Felicia Marie Fakhouri are both citizens of California. On May 8, 1994, Plaintiffs purchased tickets for an activity cruise from Paradise Cruises, Inc. As part of the cruise, Plaintiffs paid an additional fee for and participated in a "Snuba experience." Snuba diving differs from more traditional Scuba diving; Snuba diving is apparently similar to snorkeling and uses a common air supply floating on the surface with air hose for a group of divers, whereas Scuba divers carry individual air supplies on their backs. Plaintiffs allege that they seriously injured their ears while on the cruise during a Snuba dive.

Plaintiffs filed this action in admiralty against Paradise Cruises, Inc. and against the vessel Holo Holo Kai, *in rem*, alleging, among other things, negligence for failure to warn, failure to aid, and failure to equip and operate the vessel in a seaworthy manner. Defendants then filed a third-party complaint under FRCP 14(c) against SNUBA (the exact relationship between SNUBA and Defendants is open to dispute, although SNUBA is apparently independent from Defendants). SNUBA then filed the instant motion to dismiss.[1]

## DISCUSSION

SNUBA asserts that the court lacks subject matter jurisdiction because general maritime jurisdiction under 28 U.S.C. § 1333 is lacking. Initially, based on the allegations in the complaint and representations made at oral argument, the court notes that there is complete diversity of citizenship and there are avowals of serious injuries. Thus, even if admiralty jurisdiction fails, the court would have diversity jurisdiction under 28 U.S.C. § 1332.

As most recently clarified by the Supreme Court, the test for general maritime jurisdiction under 28 U.S.C. § 1333 consists of a "location" prong and a "connection" prong. *Grubart v. Great Lakes Dredge & Dock Co.,* —— U.S. ——, ——, 115 S.Ct. 1043, 1048, 130 L.Ed.2d 1024 (1995). Under the first prong, a court must determine whether the tort occurred on navigable water or whether injury suffered on land was caused by a vessel on navigable water. *Id.* Under the second prong, two issues are raised: (1) whether the incident has a "potentially disruptive impact on maritime commerce" (viewing the "general features of the type of incident involved") and (2) whether the "general character" of the "activity giving rise to the incident" bears a "substantial relationship to traditional maritime activity." *Id.* (quoting *Sisson v. Ruby,* 497 U.S. 358, 362–63, 110 S.Ct. 2892, 2895–96, 111 L.Ed.2d 292 (1990)).

The first prong is plainly satisfied. The incident occurred on navigable water and was allegedly caused, in part, by the "vessel." The dispute is over the two-part, second prong.

In support, SNUBA cites several pre-*Grubart* cases. In particular, SNUBA relies primarily on two cases from this district—*Tancredi v. Dive Makai Charters,* 823 F.Supp. 778 (D.Haw.1993) and *Complaint of Kanoa,* 872 F.Supp. 740 (D.Haw.1994)—and a Ninth Circuit case, *Delta Country Ventures v. Magana,* 986 F.2d 1260 (9th Cir.1993).

In *Tancredi,* a person died while scuba diving. The court, applying *Delta,* held that there was no general maritime jurisdiction because the "general conduct from which the incident arose" was aquatic recreation using scuba equipment, and was therefore not "substantially related to traditional maritime activity." *Tancredi,* 823 F.Supp. at 784.

In *Kanoa,* the court also applied *Delta* and held that there was no general maritime jurisdiction over a limitation of liability petition in an incident involving the death of a

---

1. Defendants Paradise and the vessel filed a statement of no position on the jurisdictional issue.

scuba diver. Notably, the court distinguished in dicta situations such as (1) receiving injuries while on the vessel, (2) receiving injuries while disembarking or boarding, (3) failure of the crew to render proper first aid, or (4) failure of crew to adequately respond to an emergency, as situations where maritime jurisdiction would clearly exist. *Kanoa,* 872 F.Supp. at 745.

In the case at bar, the parties do not seriously dispute the potential for disruptive impact on maritime commerce. Injuries at sea invariably have such a potential. *See, e.g., Foremost Ins. Co. v. Richardson,* 457 U.S. 668, 102 S.Ct. 2654, 73 L.Ed.2d 300 (1982); *Kanoa,* 872 F.Supp. at 745. The court finds this part of the test satisfied. The dispute, however, centers around whether there is a substantial relation to traditional maritime activity.

The Supreme Court decided *Grubart* after the instant motion was filed (but before it was argued). As set forth earlier, *Grubart* clarified the "*Sisson* test" of maritime jurisdiction. The Court held that there was maritime jurisdiction over flooding in basements of buildings in the Chicago Loop because a crane was located on a barge while allegedly damaging a tunnel running under the Chicago River as the crane drove piles into the river bed. —— U.S. at ——, 115 S.Ct. at 1046. The *Grubart* Court explained the application of the test at some length. Without repeating in detail the Supreme Court's analysis here, the Court clarified that "[t]he substantial relationship test is satisfied when at least one alleged tortfeasor was engaging in activity substantially related to traditional maritime activity and such activity is claimed to have been a proximate cause of the incident." —— U.S. at ——, 115 S.Ct. at 1052. The Court reasoned:

> By using the word "involves" [in *Foremost*] we made it clear that we need to look only to whether one of the arguably proximate causes of the incident originated in the maritime activity of a tortfeasor: as long as one of the putative tortfeasors was engaged in traditional maritime activity the

allegedly wrongful activity will "involve" such traditional maritime activity and will meet the second nexus prong.

*Id.*

Applying the test to this case, even if scuba diving by itself is not related to a traditional maritime activity as suggested by *Tancredi* and *Kanoa,*[2] here there are allegations of negligence on the part of the vessel and of Paradise Cruises, Inc. (claims which surely have substantial relationships with traditional maritime activity). Under *Grubart,* the substantial relationship part of the test is satisfied because at least one alleged tortfeasor was a proximate cause of Plaintiffs' injuries. At minimum, there is supplemental jurisdiction over third-party defendant SNUBA, either as to the claims or as a supplemental party. *See* 28 U.S.C. § 1367(a). Moreover, under *Kanoa*'s dicta, maritime jurisdiction is also proper because Plaintiffs have alleged negligence *for failure* to warn and aid on the part of the vessel. 872 F.Supp. at 745.

*Grubart* clarified that proximate cause is considered in assessing maritime jurisdiction. Notably, both *Tancredi* and *Kanoa* followed the Ninth Circuit's *Delta,* and none of the cases considered causation. *Delta* was apparently the first Ninth Circuit case specifically addressing maritime jurisdiction after the Supreme Court decided *Sisson* in 1990. In *Delta* the Ninth Circuit applied a modified four-part test for determining the existence of a substantial relationship to traditional maritime activity. Prior to *Delta,* the test was:

> (1) traditional concepts of the role of admiralty law;
>
> (2) the function and role of the parties;
>
> (3) the types of vehicles and instrumentalities involved; and
>
> (4) the causation and nature of the injury suffered.

*Delta,* 986 F.2d at 1263. *Delta* concluded that the causation inquiry did not survive *Sisson,* but that the multi-factor test was otherwise still valid. *Id.* Accordingly, this

**2.** And assuming, arguendo, that the differences between "snuba" and "scuba" are of no consequence.

district did not inquire into causation in *Tancredi* or *Kanoa*, and applied the modified test as set forth in *Delta*. *See Tancredi*, 823 F.Supp. at 783–84; *Kanoa*, 872 F.Supp. at 743 & n. 1.

As discussed above, however, causation is certainly a relevant inquiry. *Grubart*, —— U.S. at ——, 115 S.Ct. at 1052. *Grubart* thus overrules at least in part the Ninth Circuit's *Delta* (and therefore *Tancredi* and *Kanoa* as well). Moreover, the Court in *Grubart* also appears to have specifically rejected multi-factor tests such as those approved in *Delta*. *See Grubart*, —— U.S. at ——, ——, 115 S.Ct. at 1053–55. It thus seems that *Grubart* has called into question much of the language in the *Delta* analysis. Given *Grubart* this court is therefore not bound by the authority cited by SNUBA. *See, e.g., Sheehan v. United States*, 896 F.2d 1168, 1172 & n. 7 (9th Cir.1990) (authority not binding in face of subsequent inconsistent Supreme Court decision); *United States v. Washington*, 872 F.2d 874, 880 (9th Cir.1989) (same). The court finds that the action bears a substantial relationship to traditional maritime activity.

## CONCLUSION

Because the court finds the test of maritime jurisdiction set forth in *Grubart v. Great Lakes Dredge & Dock Co.* to be satisfied, the court DENIES the motion by SNUBA to dismiss for lack of subject matter jurisdiction.

IT IS SO ORDERED.