[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUGUST 30, 2000
THOMAS K. KAHN
CLERK

_____

No. 98-5704

_____

D. C. Docket No. 97-10047-CV-JCP

BLAINE SHULTZ, Personal Representative
for the Estate of Patricia Shultz,

Plaintiff-Appellant,

versus

FLORIDA KEYS DIVE CENTER, INC.,
a Florida corporation,
GREGORY HESSINGER, et al,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(August 30, 2000)**

Before TJOFLAT, RONEY and FAY, Circuit Judges.

PER CURIAM:

Plaintiff Blaine Shultz sued Florida Keys Dive Center, Inc. ("Dive Center") and

its employees Gregory Hessinger and John Brady and owners Pamela Timmerman and

Thomas Timmerman for the wrongful death of his wife, Patricia Shultz, who died of an apparent drowning while scuba diving on a trip conducted by the Dive Center. The district court granted summary judgment for defendants, relying on a release of liability signed by Patricia Shultz, which the court determined to be valid under Florida law. We affirm the judgment, concluding that the district court correctly held that the liability release is not invalidated by an admiralty statute, 46 U.S.C. app. § 183c(a) (1994). Further, we conclude that it is not invalidated by the admiralty common law.

Briefly, the facts are as follows: The day before her dive, Patricia Shultz signed a document releasing defendants from liability for all claims, even for those arising out of negligence or gross negligence. The next day, the Dive Center's boat, the Goody III, transported Patricia and Blaine Shultz and their 13-year-old daughter, all certified divers, to the location of their dive. Not long after entering the water, the Shultzes surfaced, but found themselves too far away to swim back to the Goody III. The Goody III did not pick them up immediately, because it was waiting for other divers still in the water to reboard. The divemaster from the Goody III swam out to help the Shultzes, but Patricia Shultz became unconscious before she was picked up by a boat, and she died.

Plaintiff filed a lawsuit in federal district court, invoking the court's diversity

jurisdiction. He claimed that defendants had been negligent in, among other things, not warning the Shultzes of the strength of the current, not sending the Goody III immediately to retrieve the Shultzes from the water, not outfitting the Goody III with a small boat that could be used to pick up divers, not bringing rescue devices to Patricia Shultz, and not being attentive to Patricia Shultz's condition in the water. The court granted summary judgment for defendants based upon the liability release, which it determined to be valid under Florida law.

Unless the liability release signed by Patricia Shultz is invalidated under either 46 U.S.C. app. § 183c(a) or admiralty common law, the release is unquestionably valid and bars plaintiff's claim. 46 U.S.C. app. § 183c(a) provides:

> It shall be unlawful for the manager, agent, master, or owner of any vessel transporting passengers between ports of the United States or between any such port and a foreign port to insert in any rule, regulation, contract, or agreement any provision or limitation (1) purporting, in the event of loss of life or bodily injury arising from the negligence or fault of such owner or his servants, to relieve such owner, master, or agent from liability, or from liability beyond any stipulated amount, for such loss or injury, or (2) purporting in such event to lessen, weaken, or avoid the right of any claimant to a trial by court of competent jurisdiction on the question of liability for such loss or injury, or the measure of damages therefor. All such provisions or limitations contained in any such rule, regulation, contract, or agreement are declared to be against public policy and shall be null and void and of no effect.

In affirming the district court's decision that § 183c(a) does not invalidate a scuba diving release otherwise valid under state law, we follow the consistent lead of

3

the few cases addressing the release issue under facts similar to this one. There are no federal appellate cases. In addition to this case, every district court and state court presented with the issue, however, has upheld such releases in recreational scuba diving cases such as this one, based on either the lack of application of § 183c(a) or based on a lack of admiralty jurisdiction.

The release was upheld as not meeting the requirements of § 183c(a) in the case at bar and in *Cutchin v. Habitat Curacao*, 1999 AMC 1377, 1380-81 (S.D. Fla. 1999) and in *Thompson v. ITT Sheraton Corp.*, No. 97-10080, at 4-7 (S.D. Fla. Feb. 2, 1999). The one case holding that § 183c(a) *did* apply to invalidate a scuba diving liability release involved a scuba diver who was struck by the propeller of another boat. *See Courtney v. Pacific Adventures, Inc.*, 5 F. Supp.2d 874, 878-80 (D. Haw. 1998). The application of § 183c(a) to the release in *Pacific Adventures* has been criticized. *See* Jeffrey T. Woodruff, *Please Release Me–The Erroneous Application of 46 U.S.C. App. § 183c to Scuba Diving Releases in* Courtney v. Pacific Adventures, Inc., 23 Tul. Mar. L.J. 473 (1999). Even in *Pacific Adventures*, however, the court apparently would have upheld the release in this case based on a lack of admiralty jurisdiction. The court reasoned that the allegations "involve[d] the operation of a vessel," 5 F. Supp.2d at 878, but then opined that if plaintiff's injuries "were related solely to scuba diving and had no relationship to the operation or maintenance of a

4

vessel, then there would be no admiralty jurisdiction." 5 F. Supp.2d at 880 n.5.

The district court in the case at bar relied on two other cases, which it cited as *Keith v. Knopick*, CL 95-3845 AF, Palm Beach County, Florida (March 18, 1997) and *Mudry v. Captain Nemo*, Case No. 94-0265(1), 2nd Cir. Hawaii (February 13, 1996), stating that they determined § 183c(a) or a similar state law statute to be inapplicable to a scuba diving liability release. Those two cases, however, are unpublished, and have not been made available to us.

These cases are fact-specific. We have been cited to no case with facts similar to this one--where the injury, an apparent drowning, resulted strictly from a recreational scuba diving accident–that held a release such as the one here to be invalid under § 183c(a). The Goody III served only as a dive boat: it departed the port of Tavernier in the Florida Keys, brought the divers to the location of the dive, and after the dive returned them to Tavernier. It was not a "vessel transporting passengers between ports of the United States or between any such port and a foreign port." 46 U.S.C. app. § 183c(a).

The legislative history supports the interpretation by these cases that the statute does not cover the liability release signed by Patricia Shultz. Congress enacted § 183c(a) in 1936 to "put a stop to" practices like "providing on the reverse side of steamship tickets that in the event of damage or injury caused by the negligence or

fault of the owner or his servants, the liability of the owner shall be limited." H.R. Rep. No. 74-2517, at 6-7 (1936); S. Rep. No. 74-2061, at 6-7 (1936). That "practice" that Congress intended to outlaw was much different than the practice here–requiring a signed liability release to participate in the recreational and inherently risky activity of scuba diving.

The other case upholding a release under similar circumstances relied on a lack of admiralty jurisdiction. Although state courts have jurisdiction over admiralty cases, *Borden v. Phillips*, 752 So.2d 69, 72-73 (Fla. Dist. Ct. App. 2000) concluded that admiralty jurisdiction did not exist and upheld a release under Florida law. In *Borden*, the diver surfaced and waived his hand in distress, but the captain misinterpreted the signal as an "o.k." signal and detached the emergency "tag line"--a floating rope enabling divers to pull themselves to the boat. *See* 752 So.2d at 71. The court held that admiralty jurisdiction was lacking over the wrongful death claim, because the activity at issue was scuba diving, not boating:

> [T]he decedent intentionally departed the [dive boat] to dive. This activity, scuba diving, was not dependent on his passage in the [dive boat]. Further, decedent ceased being a passenger when he entered the water. That the crew was allegedly negligent when it failed to respond to decedent's signal did not involve the operation or maintenance of the [dive boat], but was related solely to the activity of scuba diving.

752 So.2d at 72-73. Because the court determined admiralty jurisdiction not to exist, it did not reach the issue whether admiralty law invalidated the liability release.

6

The district court in this case held there was admiralty jurisdiction because "by transporting individual scuba divers from shore to dive off of a vessel, the Defendants were performing an activity traditionally performed by vessels." We see no reason to disturb this decision. We, of course, cannot assume without deciding a jurisdictional issue to decide a case that would not otherwise be before the court. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93-102 (1998). The question here, however, is not whether subject matter jurisdiction is satisfied, for this case is within the diversity jurisdiction of the federal court, but whether to apply federal admiralty law or state law to a case within the court's jurisdiction.

We note, however, that the jurisdictional issue is not free from doubt. In addition to *Borden,* the Florida state court case, two federal district courts have held there to be no admiralty jurisdiction in recreational scuba diving cases. In *In re Kanoa*, 872 F. Supp. 740 (D. Haw. 1994), a scuba diver died when his lungs exploded from surfacing too rapidly without breathing. Although the dive began from a dive boat, the court held that admiralty jurisdiction did not exist, reasoning that the "relevant activity" was scuba diving, not boat transportation. 872 F. Supp. at 745-46. In *Tancredi v. Dive Masai Charters*, 823 F. Supp. 778 (D. Haw. 1993), a scuba diver drowned during a dive from a dive boat. The court held that admiralty jurisdiction was lacking over plaintiff's tort claim, because the boat had "little, if any, impact on

7

the events that transpired during Tancredi's dive that led to his death." Instead, the death was attributable to "negligent dive planning and supervision and the actions of the dive master in taking Tancredi to unsafe levels." 823 F. Supp. at 784. *But see McClenahan v. Paradise Cruises, Ltd.*, 888 F. Supp. 120, 121-23 (D. Haw. 1995) (holding that admiralty jurisdiction existed in recreational scuba-type diving case, and concluding that *Kanoa* and *Tancredi* were overruled at least in part by *Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 534 (1995), a Supreme Court case not involving recreational scuba diving).

Although admiralty jurisdiction has been recognized in other recreational scuba diving cases, many of those cases are distinguishable by the role played by the boat in causing the injuries. Admiralty jurisdiction has been held to exist where scuba divers were struck by boats. *See Neely v. Club Med Management Servs., Inc.*, 63 F.3d 166, 179-80 (3rd Cir. 1995) (en banc); *Courtney v. Pacific Adventures, Inc.*, 5 F. Supp.2d 874, 877-78 (D. Haw. 1998). Admiralty jurisdiction also existed where the dive boat crew failed to render medical assistance to a diver *after reboarding* the dive boat. *See Sinclair v. Soniform, Inc.*, 935 F.2d 599, 600-02 (3rd Cir. 1991).

As the court did in *Cutchin*, 1999 AMC at 1379-81, admiralty jurisdiction was held to exist in a case involving recreational scuba diving, despite the absence of direct involvement of a boat. *See Kuntz v. Windjammer "Barefoot" Cruises, Ltd.*, 573

8

F. Supp. 1277, 1280 (W.D. Pa. 1983). Admiralty jurisdiction also existed where the dive boat crew failed to render medical assistance to a diver *after reboarding* the dive boat. *See Sinclair v. Soniform, Inc.*, 935 F.2d 599, 600-02 (3rd Cir. 1991).

Based on admiralty jurisdiction of the tort claim, plaintiff makes the additional argument on appeal that the liability release is invalid under admiralty common law. The district court did not address this argument, in which plaintiff relies on our statement in *Kornberg v. Carnival Cruise Lines, Inc.*, 741 F.2d 1332, 1335 (11th Cir. 1984), that "[a] sea carrier's ability to disclaim its responsibilities is not unlimited." The vessels in *Kornberg* and in the other cases cited by plaintiff, however, were common carriers–e.g., ferries, ocean liners, or cruise ships. *See Kornberg*, 741 F.2d at 1333; *Liverpool and Great W. Steam Co. v. Phenix Ins. Co.*, 129 U.S. 397, 437 (1889); *The Arabic*, 50 F.2d 96, 97-99 (2d Cir. 1931); *The Oregon*, 133 F. 609, 610 (9th Cir. 1904); *Lawlor v. Incres Nassau Steamship Line, Inc.*, 161 F. Supp. 764, 765 (D. Mass. 1958); *Beane v. Royal Caribbean Cruise Lines, Inc.*, 1992 WL 125338, at *1 (E.D. La. 1992). Plaintiff does not contend that the Dive Center was a common carrier. The Dive Center's business was scuba diving, not general transportation. No court, as far as we have been informed, has ever relied upon federal common law to invalidate a liability release for scuba diving, even where the scuba diving involved the use of a dive boat. The federal common law's limitation on common carrier

9

liability releases does not extend to the liability release signed by Patricia Shultz.

Since no principle of federal law governs the validity of the liability release signed by Patricia Shultz, state law applies, unless the application of state law would "frustrate national interests in having uniformity in admiralty law." *Coastal Fuels Mktg., Inc. v. Florida Express Shipping Co.*, 207 F.3d 1247, 1251 (11th Cir. 2000). Plaintiff does not argue that state law is precluded for that reason. Therefore, the district court correctly applied Florida law, under which there is no dispute that the liability release signed by Patricia Shultz is valid and bars plaintiff's claim. *See, e.g., Theis v. J7J Racing Promotions*, 571 So.2d 92, 93-94 (Fla. Dist. Ct. App. 1990).

There was no error in granting summary judgment based upon the release of liability signed by Patricia Shultz.

AFFIRMED.