949 So.2d 1202 (2007)
Sandra A. COOK, Appellant,
v.
CRAZY BOAT OF KEY WEST, INC., and William Shepard, Appellees.
No. 3D06-121.
District Court of Appeal of Florida, Third District.
March 7, 2007.
Sabato DeVito and Linda Bellomio Commons, Spring Hill, for appellant.
Wayne Kruer, Key West, for appellees.
Before GERSTEN, CORTIÑAS, and ROTHENBERG, JJ.
CORTIÑAS, Judge.
The Appellant, Sandra Cook ("Cook"), appeals from an order granting summary judgment in her negligence action against Crazy Boat of Key West, Inc. and William Shephard (collectively, "Crazy Boat") for injuries she allegedly sustained while a passenger on a Crazy Boat ride on October 11, 2001. Cook admitted to signing a "Total Release of Liability Affidavit" ("release"). However, Cook claims this release is void pursuant to 46 U.S.C. app. § 183c(a), which prohibits limitations of liability for "any vessel transporting passengers between ports of the United States or between any such port and a foreign port," and pursuant to Florida law because the release is ambiguous and does not contain the word "negligence." The trial court properly rejected both of these contentions and correctly granted summary judgment.
As the able trial judge explained in his order, recent cases from the Eleventh Circuit and the First District are directly applicable to the facts of this case. In Shultz v. Florida Keys Dive Center, Inc., 224 F.3d 1269 (11th Cir.2000), the Eleventh *1203 Circuit affirmed an order granting summary judgment in favor of a dive center, upholding a release signed by the plaintiff and the decedent and concluding that 46 U.S.C. app. § 183c did not apply. There, the decedent drowned after becoming separated from the dive boat while scuba diving. Id. at 1270. The Eleventh Circuit accepted, without reviewing, the trial court's determination that admiralty jurisdiction applied and agreed that section 183c did not void the release because:
[t]he Goody III served only as a dive boat: it departed the port of Tavernier in the Florida Keys, brought the divers to the location of the dive, and after the dive returned them to Tavernier. It was not a "vessel transporting passengers between ports of the United States or between any such port and a foreign port."
Id. at 1271 (citing 46 U.S.C. app. § 183c(a)). Similarly, in Hopkins v. The Boat Club, Inc., 866 So.2d 108, 112 (Fla. 1st DCA 2004), the First District found that section 183c did not apply to a release signed by passengers on a boat rented under a membership agreement and driven by the injured plaintiff's husband "[b]ecause there [was] no indication that the Boat Club was operating as a commercial carrier or that the transportation involved was occurring from port to port." Here, as the trial court found, the undisputed facts are that:
[t]he vessel [Crazy Boat] was a "thrill ride" vessel that was available for fare paying and guest passengers who willingly desired to go for a ride. The [Crazy Boat] was not in the business of "transporting passengers" but rather it was in the business of providing a recreational activity. In addition, the [Crazy Boat] did not travel between ports of the United States but rather left from and returned to the same port. Accordingly, the provisions of 46 U.S.C. [app. §] 183c(a) did not apply and thus the release signed by the Plaintiff is not rendered "null and void and of no effect thereby."
Cook's attempt at distinguishing Shultz and Hopkins is unpersuasive. Similarly, we reject Cook's contention that the statutory language "between ports of the United States" can be interpreted to apply to trips out from one port and back to that same port as it contradicts the plain language of the statute. See Woodham v. Blue Cross & Blue Shield of Fla., Inc., 829 So.2d 891, 897 (Fla.2002) (citations omitted); Campbell v. Kessler, 848 So.2d 369, 371 (Fla. 4th DCA 2003) ("When the language of a statute is plain and unambiguous it is not subject to judicial interpretation.") (citation omitted).
We also disagree with Cook's contention that the release is ambiguous and unclear because it fails to use the term "negligence." This argument was considered and rejected by the First District in Hopkins, which found that "federal courts have consistently refused to hold that words such as `negligence' or `negligent acts' are indispensable" in releases. Hopkins, 866 So.2d at 111 (citations omitted). "State laws requiring specific reference to the releasee's negligence therefore conflict with federal law and may not be applied in cases involving federal maritime law." Id. Thus, the trial court correctly concluded that the release did not need to contain the word "negligence." Further, there is no ambiguity in the release and the release is sufficient to alert the signatory as to what they are signing. As the trial court aptly stated, "the release encompasses the alleged negligence which is the basis of the Plaintiff's claim."
Cook's other contentions are completely without merit. The plethora of factual issues about which Cook speculates in her *1204 brief have no relevance to the actual issues decided by the trial court and presented on appeal. Thus, they are not genuine issues of material fact which bar summary judgment.
Because section 183c does not void the release at issue, and because no other provision of federal maritime law or Florida law consistent with federal maritime law voids the release, the trial court correctly upheld the validity of the signed release and properly granted summary judgment in favor of Crazy Boat.
Affirmed.